UNITED STATES of America, Appellee,

v.

John Jario ALVAREZ,
Defendant–Appellant.

No. 798, Docket 88–1337.

United States Court of Appeals,
Second Circuit.

Submitted Feb. 10, 1989.

Decided March 1, 1989.

---

548

Martin J. Siegel, New York City, for defendant-appellant.

Andrew E. Tomback, New York City, Asst. U.S. Atty., S.D.N.Y. (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Vincent L. Briccetti, Asst. U.S. Atty., of counsel), for appellee.

Before FEINBERG, KEARSE and WINTER, Circuit Judges.

PER CURIAM:

John Jario Alvarez appeals from his conviction of two narcotics offenses, contending that there was insufficient evidence for a jury to find him guilty beyond a reasonable doubt, and that the sentence imposed by the district court violated his constitutional rights. Appellant jumped bail in December 1982, after the jury found him guilty but before sentencing, and was captured in January 1988. In July 1988, he was sentenced by Chief Judge Brieant to concurrent 15–year terms of imprisonment and a three-year special parole on his conviction for conspiring to violate the narcotics laws, in violation of 21 U.S.C. § 846, and possession with intent to distribute co-caine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A). Shortly thereafter, appellant was sentenced by Judge Sweet to a one-year term of imprisonment on his conviction for bail-jumping.

Because Alvarez remained a fugitive from 1982 to 1988, we have discretion to decline to review his conviction. See *United States v. Persico*, 853 F.2d 134, 136–38 (2d Cir.), cert. denied, —— U.S. ——, 108 S.Ct. 1995, 100 L.Ed.2d 227 (1988). We decline to consider the merits of appellant's claim regarding the sufficiency of the evidence presented against him. However, we will consider claims arising out of proceedings that took place after his return to custody. *Id.* at 138.

Appellant argues that Judge Brieant gave his co-defendants more lenient sentences and sentenced him disproportionately, in violation of the Eighth Amendment. He also claims that the judge took inappropriate factors into account in fixing his sentence, including the fact that appellant had jumped bail and that he had been arrested on another offense in 1988. With regard to the Eighth Amendment claim, in imposing sentence Judge Brieant relied on defendant's involvement in the crime and his lack of remorse; in addition, appellant's longer sentence can be partially explained by the general increase in severity of sentences imposed for narcotics violations since appellant's co-defendants were sentenced. We conclude that there was no violation of appellant's Eighth Amendment rights. With regard to appellant's other claim regarding the sentence, the transcript of the sentencing proceeding indicates that the sentencing judge did not take any improper factors into account. Therefore, we will not disturb the district court's exercise of discretion in imposing sentence within the statutory limits. See *United States v. Giraldo*, 822 F.2d 205, 210 (2d Cir.), cert. denied, —— U.S. ——, 108 S.Ct. 466, 98 L.Ed.2d 405 (1987).

We have considered all of appellant's arguments with regard to sentencing and

they are without merit. The judgment of the district court is affirmed.