UNITED STATES of America

v.

Danny J. PARRISH, a/k/a James
Spriggs, Appellant.

No. 88–3165.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 31, 1989.

Robert E. Sanders, Washington, D.C., for
appellant.

Jay B. Stephens, U.S. Atty., and John R.
Fisher, Asst. U.S. Atty., Washington, D.C.,
for appellee.

Before RUTH BADER GINSBURG,
SILBERMAN and D.H. GINSBURG,
Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

In this appeal we confront the question
whether an appellant who fled following
his conviction but prior to his sentencing
may, after his arrest and sentencing many
years later, appeal his conviction. We hold
that the appellant forfeited his right to
appeal.

In January 1974, following trial in the
United States District Court for the Dis-
trict of Columbia, a jury found appellant
Danny J. Parrish guilty of unlawful posses-
sion with intent to distribute a controlled
substance, unlawful possession of a narcot-
ic drug, and carrying a dangerous weapon.
Prior to the February date set for sentenc-
ing, Parrish fled. A bench warrant for his
arrest issued that month and was executed
more than fourteen years later, in August
1988. Parrish was then sentenced pursu-
ant to the 1974 verdict. He now seeks to
appeal his conviction alleging unspecified
trial errors.

After filing his notice of appeal, Parrish
moved for summary remand, claiming that
this court cannot review his conviction ef-
fectively because the transcript of his 1974
trial is unavailable. He asserted that the
transcript could not be reconstructed be-
cause the court reporters' notes had been
destroyed and the reporters were not avail-
able to testify. We denied that motion, and
issued an order to show cause why the
appeal should not be dismissed on the
ground that Parrish forfeited his right to
appellate review of his conviction when he
became a fugitive. Both parties have re-
sponded to the order. The Government's
response takes the form of a motion to
dismiss the appeal.

It is settled that "after the convicted
defendant who has sought review escapes
from the restraints placed upon him pursu-
ant to his conviction," his flight "disentitles
the defendant to call upon the resources of
the Court" for his appeal. *See Molinaro v.
New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498,
498, 24 L.Ed.2d 586 (1970) (per curiam).
The fugitive defendant's "disentitlement"
or disqualification continues, moreover,
even if he has been returned to custody
before the appeal is heard. *See Estelle v.*

*Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975) (per curiam); *United States v. Puzzanghera,* 820 F.2d 25 (1st Cir.), *cert. denied,* 484 U.S. 900, 108 S.Ct. 237, 98 L.Ed.2d 195 (1987). One circuit has held, however, that the disentitlement principle of *Molinaro* does not properly extend to a case such as this one, in which the appellant fled after trial but was returned prior to sentencing. *See United States v. Anagnos,* 853 F.2d 1, 2 (1st Cir.1988). *But see United States v. Persico,* 853 F.2d 134 (2d Cir.1988) (*Molinaro* principle applies) and *United States v. Holmes,* 680 F.2d 1372 (11th Cir.1982) (per curiam) (same), *cert. denied,* 460 U.S. 1015, 103 S.Ct. 1259, 75 L.Ed.2d 486 (1983). We think the principle applies.

Parrish tenders two grounds for resisting dismissal of his appeal. First, he claims a right to appeal grounded in the due process clause of the fifth amendment. Second, he argues that he did not waive or abandon his statutory right to appeal because he did not abuse the appellate process when he took flight prior to sentencing; *i.e.,* while his case was still before the district court.

■ Parrish's first claim is inadequate as a matter of law. As the Supreme Court has repeatedly held, "it is well settled that there is no constitutional right to an appeal." *Abney v. United States,* 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977); *see also Estelle v. Dorrough,* above. The right "is purely a creature of statute" and a defendant wishing to avail himself of that right "must come within the terms of the applicable statute—in this case, 28 U.S.C. § 1291." *Abney,* 431 U.S. at 656, 97 S.Ct. at 2038.

■ Parrish's contention that he has not waived his statutory right to an appeal must also fail. A defendant's "flight which may postpone filing a notice of appeal for years after conviction" may fairly be deemed an abandonment. *Holmes,* 680 F.2d at 1374. As the Eleventh Circuit explained:

> Th[e] reasoning [of *Molinaro* ] is equally forceful whether the defendant flees before or after sentencing. Were we to

hold otherwise, criminal defendants who flee prior to sentencing would be permitted upon apprehension to seek relief from the very legal system that they previously had seen fit only to defy. *Id.; see also Persico,* 853 F.2d at 137.

Only the First Circuit has seen any distinction between the case of a convict who fled after filing an appeal and that of one who became a fugitive after conviction but was returned to custody prior to sentencing. *See Anagnos,* 853 F.2d at 2. When a defendant jumps bail prior to sentencing, the First Circuit panel observed, his misconduct occurs before the district court rather than the court of appeals; therefore, the court held, the defendant's flight should bear only upon consequences in the district court. *Id.*

We find the reasoning of the Second and Eleventh Circuits more persuasive. A defendant who becomes a fugitive disdains the entire judicial system, not just the particular court his case has reached at the time he flees. Furthermore, he disrupts "the orderly operation of the judicial processes within which defendants should press their claims," *Persico,* 853 F.2d at 138; the passage of time and the accompanying loss of documents and memories may "make a meaningful appeal impossible," *Holmes,* 680 F.2d at 1374, or if the appeal succeeds, effectively foreclose the possibility of reprosecution. As the Second Circuit commented, "It would be unconscionable to allow such a defendant to benefit from the delay by forcing the government to reprosecute him long after memories have dimmed and evidence has been lost." *Persico,* 853 F.2d at 138.

These considerations manifestly preclude appellate review in Parrish's case. In his brief, Parrish acknowledges that there is no transcript of the trial proceedings and that the notes of the court reporters were destroyed after ten years. Furthermore, one of the court reporters is dead and the whereabouts of the other unknown. Parrish's trial counsel is no longer practicing law and has no records of the case. Should Parrish nonetheless gain a new trial, the Government would inevitably face severe

obstacles to going forward so long after the fact. In sum, Parrish, by his flight, has significantly disrupted the timely and efficient administration of justice. He has no call upon the federal judiciary to reinstate him to the position in which he would have been fourteen years earlier had he not evaded federal court processes.

We need not now decide whether a defendant who becomes a fugitive after conviction inevitably waives his statutory right to appeal the conviction regardless of the length or the circumstances of his flight. Parrish's lengthy flight from justice so "postpone[d] filing a notice of appeal" as to "make a meaningful appeal impossible" and render it unlikely that the Government could locate its witnesses and effectively retry the case if the appeal were successful. *See Holmes*, 680 F.2d at 1374. Even if some countervailing considerations of fairness could outweigh this irreparable harm to the Government's case, and the affront to the judicial process inherent in flight, Parrish summons none to his aid. Accordingly, we will not exercise our discretion to allow a belated appeal of his conviction.

For the reasons stated, and without prejudice to Parrish's ability to contest his sentence, the instant appeal is

*Dismissed.*