**UNITED STATES of America, Appellee,**

v.

**Jose MATISTA, Defendant–Appellant.**

**No. 1159, Docket 90–1690.**

United States Court of Appeals,
Second Circuit.

Argued April 16, 1991.

Decided May 10, 1991.

Lawrence H. Schoenbach, New York City (Paul J. Ruskin, of counsel) for defendant-appellant.

Patrick J. Fitzgerald, Asst. U.S. Atty. (Otto G. Obermaier, U.S. Atty., S.D.N.Y., Kerri Martin Bartlett, Asst. U.S. Atty., New York City of counsel) for appellee.

Before LUMBARD, FEINBERG and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge:

Defendant Jose Matista appeals from a judgment entered in the United States District Court for the Southern District of New York (David N. Edelstein, *Judge*), convicting him of conspiracy to distribute more than one kilogram of heroin. 21 U.S.C. § 846. Subsequent to the jury's conviction, the district court sentenced Matista to a 151–month term of imprisonment, followed by a four-year term of supervised release, and ordered a special assessment of $50. The district court also imposed a consecutive sentence of twelve months incarceration on a bail-jumping charge, to which the defendant had pleaded guilty. 18 U.S.C. § 3146. Defendant now appeals, arguing: (1) the district court wrongly denied him a pre-trial evidentiary hearing on a motion to suppress physical evidence and statements made by him following his warrantless arrest; and (2) the district court erred in finding probable cause to arrest defendant, thereby holding that the physical evidence seized and statements obtained were admissible against him at trial. In addition to arguing the merits, the government requests this court, in the exercise of its discretion, to dismiss the appeal because defendant fled during trial and remained a fugitive for approximately five months after his conviction until arrested in Puerto Rico. On the facts of this case and for reasons set forth, we choose to exercise our discretion and dismiss defendant's appeal.

On December 11, 1989, defendant, along with three codefendants, proceeded to trial. Prior to closing arguments, Matista and his wife, a codefendant, fled the jurisdiction. The jury rendered a verdict on December 20, 1989, convicting Matista and his wife *in absentia*. Fed.R.Crim.P. 43(b); *see Taylor v. United States*, 414 U.S. 17, 18, 94 S.Ct. 194, 195, 38 L.Ed.2d 174 (1973). Matista was apprehended on May 13, 1990 when he attempted to enter Puerto Rico from the Dominican Republic. Matista maintains that he was en route to New York to meet with his attorney to arrange for a voluntary surrender. When he was arrested in Puerto Rico, he was carrying a plane ticket to New York, with a flight change in Puerto Rico. Matista's wife remains a fugitive.

## DISCUSSION

As a starting point, we note that there is no constitutional right to appeal a criminal conviction. *Abney v. United States*, 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977); *United States v. Parrish*, 887 F.2d 1107, 1108 (D.C.Cir. 1989) (per curiam). Accordingly, if a convicted defendant becomes a fugitive and remains at large while an appeal is pending, this court has the discretion to dismiss the appeal. *Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 499, 24 L.Ed.2d 586 (1970) (per curiam) (flight "disentitles the defendant to call upon the resources of the Court for determination of his claims"); *United States v. Macklin*, 671 F.2d 60, 67 n. 9 (2d Cir.1982) ("An appellate court may and normally will decline to exercise its

jurisdiction with respect to a defendant who escaped from custody pending review of his conviction.").

Building on *Molinaro*, this circuit has exercised its discretion to dismiss an appeal when a defendant jumps bail after conviction but is recaptured prior to sentencing. *United States v. Alvarez*, 868 F.2d 547 (2d Cir.1989) (per curiam); *United States v. Persico*, 853 F.2d 134, 138 (2d Cir.1988). As we wrote in *Persico:*

> Such defendants demonstrate disrespect for the judicial process that is arguably even greater than that shown by defendants who defer flight until after filing appeals. Moreover, a policy of declining to consider former fugitives' claims will tend to discourage escape and promote the orderly operation of the judicial processes within which defendants should press their claims. Finally, the possibility of prejudice to the prosecution—inuring to the benefit of the fugitive—is an especially significant factor where, as here, a defendant remains a fugitive for an extended period.

853 F.2d at 138 (citations omitted). *Persico* recognizes that "there is no constitutional defect in a policy of dismissing the appeals of fugitive defendants even *after* their recapture." *Id.* at 137 (emphasis in original) (citing *Estelle v. Dorrough*, 420 U.S. 534, 534–36, 95 S.Ct. 1173, 1173–75, 43 L.Ed.2d 377 (1975) (per curiam)).

Of course, we remain mindful that "we have discretion to reach the merits in an appropriate case." *Id.; see United States v. Baccollo*, 725 F.2d 170, 172 (2d Cir.1983). It is equally clear that a defendant's escape does not disentitle him from seeking review of those proceedings occurring after his recapture. *Alvarez*, 868 F.2d at 548; *Persico*, 853 F.2d at 138. Defendant, however, does not here challenge any of the proceedings following his recapture in Puerto Rico.

That said, we decline to hear the merits of defendant's claim regarding his failure to receive an evidentiary hearing and the district court's determination of probable cause. As defendant points out, this case differs from *Persico* in two re-

spects. First, Matista was a fugitive for five months, rather than seven years. *See also Alvarez*, 868 F.2d at 548 (defendant absent six years). Second, Matista jumped bail during trial before the jury's deliberation, whereas the defendants in *Persico* and *Alvarez* did it after conviction but before sentencing. These are distinctions. They are not differences.

Matista's five-month absence before recapture is certainly not insignificant. *See United States v. DeValle*, 894 F.2d 133, 136 (5th Cir.1990) (appeal of conviction dismissed based upon fugitive status for approximately eight months); *United States v. Puzzanghera*, 820 F.2d 25, 26 (1st Cir.) (absence of thirty days deemed "minimally sufficient"), *cert. denied*, 484 U.S. 900, 108 S.Ct. 237, 98 L.Ed.2d 195 (1987); *United States v. Holmes*, 680 F.2d 1372, 1373 (11th Cir.1982) (per curiam) (appeal dismissed where defendant absconded for two years before his return to custody), *cert. denied*, 460 U.S. 1015, 103 S.Ct. 1259, 75 L.Ed.2d 486 (1983); *but see United States v. Snow*, 748 F.2d 928, 930 (4th Cir.1984) (court "decided to exercise its discretion in favor of permitting the appeal to proceed" when escaped fugitive recaptured within nineteen days).

Defendant's argument that he fled the country before jury deliberation, as if this were somehow less culpable than flight after a verdict, elicits little sympathy. *United States v. London*, 723 F.2d 1538, 1539 (11th Cir.) (court dismissed appeal of recaptured fugitive, finding his flight during trial "more aggravating" and "even more problematic" than flight after conviction), *cert. denied*, 467 U.S. 1228, 104 S.Ct. 2684, 81 L.Ed.2d 878 (1984); *see United States v. Fiallo–Jacome*, 874 F.2d 1479, 1482 (11th Cir.1989) ("A criminal defendant can waive his right to appeal from his judgment by absconding ... during his trial and remaining a fugitive until after his trial and conviction."); *see also Persico*, 853 F.2d at 138 (quoting *London*, 723 F.2d at 1539). It must be conceded that our refusal to consider an appeal based on alleged errors occurring in a trial after defendant has fled may encourage an unscru-

pulous prosecutor to flout the rules of evidence, secure in the assumption that his errors, no matter how egregious, will be unreviewable. That bête noire, however, is not raised in this case (where defendant challenges only pre-trial matters for which he was present) and, as previously observed, the court retains discretion to entertain an appeal in appropriate cases despite the defendant's flight.

When a defendant jumps bail during trial, it imposes an immediate burden upon the district court to decide whether to proceed *in absentia,* a course never undertaken lightly and made that much more difficult when, as here, there are other faces staring up from the defense table waiting to proceed. *United States v. Mera,* 921 F.2d 18, 20 (2d Cir.1990); *United States v. Tortora,* 464 F.2d 1202, 1209–10 (2d Cir.), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972).

To allow defendant's present appeal would encourage piecemeal appeals. One codefendant here has already pursued an appeal before this Court. *United States v. Ibanez,* 924 F.2d 427 (2d Cir.1991). Another is awaiting sentence, and the third, Angela Matista, remains a fugitive. We note, too, that it is nearly three years since the initial arrests in this case. Should there be a reversal, "[i]t would be unconscionable to allow such a defendant to benefit from the delay by forcing the government to reprosecute him long after memories have dimmed and evidence has been lost." *Persico,* 853 F.2d at 138. It is equally disturbing that defendant's deliberate attempt to evade his day of reckoning, successful for a time, should be allowed to impose additional burdens upon the judiciary to accommodate claims that should be forfeited by flight. A "rule of dismissal has the salutary effects of discouraging escape and promoting the efficient operation of appellate courts." *Id.* at 137.

While Matista now maintains that he was returning to negotiate a voluntary surrender, it is undisputed that he fled voluntarily and was arrested upon his attempt to reenter the country in San Juan, Puerto Rico. There is nothing in the record to support his claim of good intentions other than defendant's self-serving statement.

## CONCLUSION

Accordingly, the appeal is hereby dismissed.