**Thomas WEST, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 89–417.

District of Columbia Court of Appeals.

Argued Oct. 18, 1990.
Decided March 6, 1992.

Allen W. Levy, Public Defender Service, with whom James Klein, Public Defender Service, Washington, D.C., was on the brief, for appellant.

Barbara J. Valliere, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before SCHWELB and WAGNER, Associate Judges, and BELSON,* Senior Judge.

WAGNER, Associate Judge:

Appellant, Thomas West, was convicted by jury for distribution of a controlled substance (cocaine) and possession with intent to distribute a controlled substance (cocaine), both violations of D.C.Code § 33–541(a)(1) (1988). Appellant challenges on appeal the trial court's denial of his motion to suppress evidence and a requested defense theory instruction. Finding no reversible error, we affirm.

I.

At the suppression hearing a Metropolitan police officer, Marvin L. Lyons, Sr., testified that on July 24, 1987 at about 8:30 p.m., he and his partner walked into the area of 18th and Bryant Streets, N.E. in the District to make an undercover drug purchase. After asking Lyons if he was looking for cocaine, an unidentified person

---

* Judge Belson was an Associate Judge of the court at the time of argument. His status changed to Senior Judge on July 24, 1991.

told appellant what Lyons wanted. Appellant then displayed what he called, "June Bug," consisting of cocaine in vials and in powder form. After a discussion with appellant about price, Officer Lyons purchased two vials for forty dollars. While walking back to his car, Officer Lyons encountered another undercover officer to whom he gave appellant's description, which she radioed to an arrest team. When Lyons got back to his car, he also radioed a detailed clothing description for the suspect, including that he had a beard and mustache. The officer also confirmed that he made the "buy." About ten minutes later, Officer Lyons drove by the location where the police were holding appellant and positively identified him as the person who sold the drugs. Sergeant Steven E. West testified that he was involved in appellant's arrest and that money was seized from appellant by another officer which was turned over to him. On this evidence, the trial court denied appellant's motion to suppress the money and drugs, rejecting appellant's argument that the government had failed to present evidence sufficient to establish the lawfulness of the warrantless arrest and seizure.

Appellant concedes that the evidence at trial was sufficient to prove probable cause for his arrest and subsequent search. In addition to a repetition of essentially the same testimony presented at the suppression hearing, the government presented evidence tending to show that members of the arrest team heard the broadcast and, within a few seconds, spotted appellant who matched the description. Officer Brian Paige and Sergeant Steven E. West saw appellant discard a brown paper bag and other objects (vials of crack-cocaine and 6 packets of cocaine powder) before he was patted down for weapons and arrested. Sergeant West picked up the bag which contained 183 vials containing a rock-like substance, a portion of which field tested positive for cocaine. The police took appellant to a nearby corner where Officer Lyons identified him as the person from whom he had just purchased cocaine. Appellant was searched at the precinct, and two hundred ninety-five dollars was recovered from his pocket, which included the forty dollars in pre-recorded funds used by Officer Lyons to purchase the drugs. The substances purchased by Lyons and recovered at the time of appellant's arrest were chemically analyzed and found to be cocaine. Appellant, who failed to appear for trial after the jury was impaneled, presented no evidence.

## II.

At the outset, the government argues that defendant has forfeited his right to appeal by absenting himself from trial after the jury was sworn and opening statements made by the government and defense counsel. According to information included in the record on appeal by stipulation of the parties, appellant was arrested in New York approximately four months after he fled this jurisdiction, and he was not returned here until February 1, 1989.

■■■ An appellate court has discretion to refuse to consider an appeal of an appellant who absconds after conviction. *Matter of S.H.*, 570 A.2d 814, 815–16 (D.C. 1990); *United States v. Parrish*, 281 U.S.App.D.C. 116, 117–18, 887 F.2d 1107, 1108–09 (1989); *United States v. Alvarez*, 868 F.2d 547, 548 (2d Cir.1989); *United States v. Persico*, 853 F.2d 134, 137 (2d Cir.1988). This well established principle applies to an appellant who flees after a finding of guilty, but prior to sentencing. *Parrish*, 281 U.S.App.D.C. at 117, 887 F.2d at 1108; *Alvarez*, 868 F.2d at 548; *Persico*, 853 F.2d at 137.

■■■ Appellant argues that this court is required to hear the appeal as it is a right conferred by statute. We disagree. The right to appeal in a criminal case in the District of Columbia is governed by the same section which governs appellate jurisdiction of appeals from all final orders and judgments of the Superior Court, D.C.Code § 11–721(a)(1) and (b). D.C.Code § 11–721(b) (1989) provides:

Except as provided in subsection (c) of this section, a party aggrieved by an order or judgment specified in subsection (a) of this section, may appeal therefrom

as of right to the District of Columbia Court of Appeals.[1]

Once an appellate right is conferred by statute, it cannot be denied indiscriminately. *Howell v. United States*, 455 A.2d 1371, 1372 (D.C.1983). In spite of the applicability of the same statute in *S.H.*, we held that dismissal of the case of a fugitive appellant is discretionary with the court. *S.H., supra*, 570 A.2d at 816. We observed that "[a]ppellate courts are free to dismiss the appeal, of a fugitive even where an appeal lies as of right by statute or state constitution." *Id.* at 815–16 (citations and footnote omitted). The decision in *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), which enunciated the principle that an appellant's escape from custody disentitles him or her from obtaining a determination of claims on appeal,[2] did not discuss the issue, but involved an appeal brought pursuant to a statutory right. *See S.H.*, 570 A.2d at 814 n. 5. However, a statutory right to appeal may be waived by untimely notice pursuant to procedural rules or "by abandonment through flight." *United States v. Holmes*, 680 F.2d 1372, 1374 (8th Cir.1982), *cert. denied*, 460 U.S. 1015, 103 S.Ct. 1259, 75 L.Ed.2d 486 (1983). Where an appellant flees, it is not the court which deprives appellant of the right conferred by statute, but appellant, who by his conduct, is deemed to have abandoned or waived that right. *See Parrish, supra*, 281 U.S.App. D.C. at 117, 887 F.2d at 1108; *Persico, supra*, 853 F.2d at 138. In *S.H.*, we accepted the rationale of these cases and held that the court has discretionary power to dismiss an appeal where an appellant absconds during its pendency. 570 A.2d at 815–16.

Appellant argues that the rule should not apply where the abscondence occurs prior

to appeal. If dismissal were never authorized under these circumstances, a defendant could flee during trial or after verdict, but before sentencing, and thereby delay the time for noting an appeal for an inordinately extended period without adverse consequence for his appeal. The same rationale which supports the rule where flight occurs during appeal has equal force where a defendant flees prior to sentencing. The reasons justifying refusal of the appeal include: (1) inappropriateness of appellate review for one who displays such disdain for the judicial system; (2) discouragement of escape; (3) deterrence of interference with the efficient operation of the court; and (4) avoidance of unfair prejudice to the government by delay occasioned by appellant's flight. *S.H., supra*, 570 A.2d at 816; *Parrish, supra*, 281 U.S.App.D.C. at 117, 887 F.2d at 1108; *Persico, supra*, 853 F.2d at 137. These same reasons justify application of the rule to the circumstances presented here, where appellant absented himself from trial and delayed for several months sentencing and the time for filing a notice of appeal. *See Parrish*, 281 U.S.App.D.C. at 117, 887 F.2d at 1107; *see also United States v. London*, 723 F.2d 1538, 1539 (11th Cir.), *cert. denied*, 467 U.S. 1228, 104 S.Ct. 2684, 81 L.Ed.2d 878 (1984).[3] Therefore, we turn to consideration of whether in the exercise of discretion we should consider the merits of the appeal.

■ In the circumstances of this case, we find it appropriate to exercise our discretion to consider the merits of the appeal. The principal reason for this conclusion is that the time that appellant was at large was not of such extended duration that prejudice is likely to result to the government for that reason. *See S.H., supra*, 570 A.2d at 817.[4] Here, the government's wit-

---

1. Subsection (c) provides that application for review must be filed in cases of certain misdemeanors not pertinent here.

2. *Molinaro, supra*, 396 U.S. at 366, 90 S.Ct. at 498.

3. This decision does not impair the right of a defendant to appeal from errors in sentencing or from the court's decision to proceed with the

trial in a defendant's absence. *See London, supra*, 723 F.2d at 1539.

4. Although appellant gets no credit for the timing of his reapprehension, *see S.H., supra*, 570 A.2d at 817 & n. 10, the delay resulting from flight is relevant to the assessment of potential prejudice to the government, which is a factor for consideration.

nesses are all trained police officers, who are generally readily available if retrial should prove necessary. Their observations of the crime have been recorded, at least in part. Thus, the difficulty of locating witnesses and the prospect of failing memories are not fair considerations in this case. *Cf. Alvarez, supra,* 868 F.2d at 548 (merits of claimed trial errors not considered where appellant remained at large six years); *Persico, supra,* 853 F.2d at 138 (appellant waived appeal of evidentiary rulings by remaining a fugitive for seven years). Moreover, the government claims no specific prejudice. On the particular facts of this case, we are persuaded that the appeal should not be dismissed. Accordingly, we turn to the issues raised by appellant on appeal.

### III.

■ Appellant argues that the evidence at the suppression hearing did not support the trial court's ruling denying the motion to suppress evidence. Specifically, appellant contends the evidence failed to disclose the circumstances under which the arresting officers stopped, arrested and searched him, and seized the evidence sought to be suppressed. We agree that there is a critical gap in the evidence on these issues from the pretrial hearing on the motion to suppress. At that hearing, the undercover officer testified that he purchased drugs from appellant, relayed that information to the arresting officers with a detailed description of the suspect and subsequently positively identified appellant, after he was apprehended. Appellant correctly observes that there is missing from the motions hearing any "evidence as to the events surrounding the critical time of the arrest" and when and under what circumstances the search and seizure of evidence occurred.[5]

Probable cause to arrest exists when the facts and circumstances within the officer's knowledge, for which he has reasonably trustworthy information, are such as "to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Martin v. United States,* 567 A.2d 896, 903 (D.C. 1989). Once the police arrest a suspect on adequate probable cause, they may conduct a full search of the suspect. *Gustafson v. Florida,* 414 U.S. 260, 265, 94 S.Ct. 488, 491, 38 L.Ed.2d 456 (1973); *Culp v. United States,* 486 A.2d 1174, 1177 (D.C.1985). A search may be justified as incident to an arrest "if [the] arrest is made immediately after the search, and if, *at the time of the search,* there was probable cause to arrest." *United States v. Brown,* 150 U.S.App.D.C. 113, 114, 463 F.2d 949, 950 (1972) (citations omitted and emphasis in original); *McWilliams v. United States,* 298 A.2d 38, 39 (D.C.1972). If the police stopped and searched appellant before a lawful basis existed for their actions, then the seizure of the evidence would be unlawful. The crux of appellant's argument is that the evidence at the motions hearing was inadequate to establish that probable cause existed before the evidence was seized. We agree. We simply cannot tell from the motions record when appellant was arrested nor when the evidence was seized. Therefore, the trial court had an inadequate basis for its finding of probable cause and denial of the motion to suppress.

### IV.

■ The government argues that the trial court's finding of probable cause at the motions hearing must be affirmed as the evidence subsequently developed at trial conclusively establishes the lawfulness of the arrest and seizure. In *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280,

---

**5.** The government's claim that appellant failed to raise in his motion or object at the hearing to the insufficiency of the government's evidence on the timing of the search is not borne out by the record. In his motion, appellant sought to suppress the evidence because the police did not have probable cause for the seizure. During the motions hearing, the trial judge stated:

He is just stopped. Then he is identified. Then he is searched after the basis for arrest has been made out by the undercover officer. Appellant's argument to the court that it was incumbent upon the government to prove that by evidence was unavailing.

69 L.Ed. 543 (1925), the Supreme Court held that "[a] conviction on adequate and admissible evidence should not be set aside" on the grounds of inadequacy of evidence at the suppression hearing if "[t]he whole matter was gone into at trial, so no right of the defendants was infringed." *Id.* at 162, 45 S.Ct. at 288.[6] On the basis of the *Carroll* decision, appellate courts have accepted as well established law that trial testimony may be considered in determining whether error was committed in ruling on a pretrial motion to suppress. *United States v. Smith*, 527 F.2d 692, 694 (10th Cir.1975); *United States v. Canieso*, 470 F.2d 1224, 1226 (2d Cir.1972); *Rocha v. United States*, 387 F.2d 1019, 1021 (9th Cir.1967), *cert. denied*, 390 U.S. 1004, 88 S.Ct. 1247, 20 L.Ed.2d 104 (1968). This court also has recognized that "[i]n deciding whether the motion to suppress was properly denied, we may of course consider all of the evidence at the suppression hearing as well as the undisputed trial testimony." *Lewis v. United States*, 594 A.2d 542, 543 n. 3 (D.C.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1225, 117 L.Ed.2d 460 (1992). In *Rushing v. United States*, 381 A.2d 252 (D.C.1977), where it was not clear from the suppression hearing testimony whether circumstances giving rise to probable cause occurred prior to the search,[7] this court remanded the case for further development of the evidence on probable cause because a witness' remark at trial, relied upon by the government to establish probable cause, might "not provide the full story." *Id.* at 257. Important to consideration of the issue presented here is that the decision in *Rushing* was prem-

ised on acceptance of the proposition that testimony from the trial on the merits could be considered on appeal in passing upon the adequacy of the evidence at the suppression hearing. *See id.* at 257. In *Masiello*, the court adhered to the *Carroll* rule, but remanded for a determination of the motion to suppress because of an unresolved conflict in the testimony between appellant and witnesses for the government. *Masiello, supra*, 113 U.S.App.D.C. at 34, 304 F.2d at 401. It is clear that the principle that undisputed trial testimony may be used to determine whether the suppression motion has been properly denied has already been accepted by the court, and we are bound by these earlier decisions.[8] *See M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C.1971).

The evidence at trial clearly established that appellant's constitutional rights were not infringed in any way, and appellant concedes as much. The evidence of the circumstances of appellant's arrest adduced at trial was unrefuted. Therefore, we find no reason to remand for further findings, as there is no conflict in the evidence, *see Masiello, supra*, 113 U.S.App. D.C. at 34, 304 F.2d at 401, and the record is fully developed, *cf. Rushing, supra*. We conclude that there is no basis for reversal of appellant's conviction on the ground of failure to exclude tangible evidence on constitutional grounds.

## V.

 Finally, appellant argues that the trial court's refusal to give a jury in-

---

**6.** We have previously noted that the "Supreme Court 'has consistently made clear that it is the duty of a reviewing court to consider the trial record as a *whole* and to ignore errors that are harmless, including most constitutional violations.'" *Davis v. United States*, 564 A.2d 31, 39 (D.C.1989) (citations omitted and emphasis in original) (en banc); *see also Masiello v. United States*, 113 U.S.App.D.C. 32, 34, 304 F.2d 399, 401 (1962) (the entire record, including evidence from the pretrial hearing and the trial, may be considered in deciding whether an error is prejudicial).

**7.** *See Rushing, supra,* 381 A.2d at 257 n. 6.

**8.** Appellant argues a number of reasons for refusing to follow these precedents: (1) that D.C.Code § 17–305(a) precludes such a rule; (2) application of the rule forces a defendant to choose between Fourth and Fifth Amendment rights; (3) Super.Ct.Crim.Rules 47–I(g) and 11(a)(2) suggest the *Carroll* rule should not be followed; and (4) recognition of the principle undermines finality of the motion hearing and holds the potential for hampering a defendant's ability to cross-examine government witnesses on pretrial issues at trial. We need not reach the merits of the arguments because the principle is already recognized by decisions of this court.

struction on his theory of the case was reversible error. We disagree. A defendant is entitled to an instruction on his or her theory of the case which negates guilt whenever there is evidence bearing on the issue. *Jones v. United States,* 555 A.2d 1024, 1027 (D.C.1989); *Graves v. United States,* 554 A.2d 1145, 1147 (D.C.1989); *Stack v. United States,* 519 A.2d 147, 154 (D.C.1986). Failure to give an instruction on a defense theory of the case where evidence exists which supports it is reversible error. *Graves,* 554 A.2d at 1147. However, it is not required that the instruction be given in the identical language requested. *Id.* Here, appellant requested the following instruction:

> Mr. West contends that he never sold cocaine to any undercover police officer on July 24, 1987 and that he never was in possession of any paper bag filled with 183 vials of crack. If you have any reasonable doubt as to Mr. West's guilt of these two charges, then you must find Mr. West not guilty.

The trial judge did not commit reversible error in denying the requested instruction, and the instructions given adequately covered appellant's denial theory. *Id.* As fully argued by counsel in closing, the defense was that the government had not met its burden of proof. The court instructed the jury on how to evaluate the testimony of witnesses, reasonable doubt, presumption of innocence, elements of the crime and burden of proof. There was no affirmative defense presented or conflicting testimony. We find no imbalance of the charge. No narrative of either side of the case was given by the judge during instructions. On the record, we find no error.

Therefore, the judgments of conviction appealed from hereby are affirmed.