11-2655-cr
United States v. Malave

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Richard C. Lee United States Courthouse, 141 Church Street, in the City of New Haven, Connecticut on the 1st day of May, two thousand twelve.

PRESENT:

       RALPH K. WINTER,
       JOHN M. WALKER, JR.,
       JOSÉ A. CABRANES,
               *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
    *Appellee,*

      -v.-                                         No. 11-2655-cr

ANDRES MALAVE,
    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLEE:**                   MICHAEL P. DRESCHER (Gregory L. Waples, *on the brief*), Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney, Burlington, VT.

**FOR DEFENDANT-APPELLANT:**       BARCLAY T. JOHNSON (Michael L. Desautels, *on the brief*), Federal Public Defender, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (William K. Sessions III, *Judge*) entered June 16, 2011.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Andres Malave appeals a judgment of the District Court entered June 16, 2011 sentencing him to 188 months' imprisonment after he pleaded guilty to one count of conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 846.

We assume the parties' familiarity with the factual history and proceedings below. Briefly, in 2004, nearly six years before Malave was arrested in Vermont in this federal oxycodone case, local police observed him selling crack cocaine at a motel in Springfield, Massachusetts, and he was charged with trafficking more than 200 grams of cocaine. In February 2006, on the second day of the jury trial in the case, Malave absconded, and the jury convicted him *in absentia*. Malave's co-defendant in the Massachusetts case was also convicted.

Malave remained a fugitive until he was arrested in Vermont in May 2010 for conspiring to distribute oxycodone, a controlled substance. Because Massachusetts law appears to prohibit sentencing *in absentia*, Mass. R. Crim. P. 18(a)(1), Malave has not been sentenced on the crack cocaine conviction. Under Massachusetts law, a conviction for selling more than 200 grams of cocaine carries a mandatory minimum sentence of 15 years imprisonment. *See* Mass. Gen. L. Ch. 94C, § 32E(b)(4).

On January 14, 2011, Malave pleaded guilty to a superseding information charging him with conspiring to distribute oxycodone from around October 2009 to May 2010. The Plea Agreement provided, in part, "that the Court may impose . . . not more than/up to 20 years [*i.e.*, 240 months] of imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(C)."

The Presentence Report ("PSR") recounted Malave's criminal history, including his 2004 arrest and 2006 conviction in Massachusetts state court for trafficking cocaine. Had Malave been sentenced in the Massachusetts case, his conviction would have carried three criminal history points in Malave's Guidelines calculation. Because sentencing had not yet occurred in Massachusetts, however, under U.S.S.G. § 4A1.2(a)(4) the crack cocaine conviction carried only a single criminal history point, which, combined with other factors, placed Malave in Criminal History Category II. Pursuant to U.S.S.G. § 4A1.3, the Government moved for an upward departure to Criminal History Category III.

The District Court granted the Government's motion for an upward criminal history departure, in part because Malave "would have been at criminal history category three had he not fled" Massachusetts and Criminal History Category III "more accurately reflect[ed] the seriousness

of his criminal record." The District Court sentenced Malave to 188 months imprisonment—a sentence which also fell within the applicable guidelines range for Criminal History Category II, and which the District Court would have imposed based on the sentencing factors contained in 18 U.S.C. § 3553(a) regardless of the upward departure.[1] The District Court adopted the PSR factual findings, with certain exceptions not relevant here, in its written Statements of Reasons for Sentence.

When a party properly objects to a sentencing error in the District Court, we review for harmless error under an "abuse of discretion" standard. *See, e.g.*, *United States v. Cavera*, 500 F.3d 180, 189 (2d Cir. 2008) (en banc); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion"). We review arguments not raised below for plain error. *See, e.g.*, *Puckett v. United States*, 556 U.S. 129 (2009); *United States v. Thomas*, 274 F.3d 655, 667 (2d Cir. 2001) (en banc).

For the first time on appeal, Malave argues, *inter alia*, that because his Massachusetts conviction was *in absentia*, the District Court should not have used that conviction as a basis for an upward criminal history departure. Because this argument is raised for the first time on appeal, we review for plain error, and will affirm unless the District Court's consideration of Malave's prior conviction was an obvious error that has prejudiced Malave's rights and seriously affected the fairness of the proceeding. *See, e.g.*, *United States v. Keigue*, 318 F.3d 437, 441–42 (2d Cir. 2003).

We hold that it was not error, plain or otherwise, to consider the prior unsentenced conviction as a basis for an upward departure. We have repeatedly recognized the propriety of upward criminal history departures based on unsentenced prior state court convictions. *See, e.g.*, *United States v. Keats*, 937 F.2d 58, 65–67 (2d Cir. 1991); *United States v. Sturgis*, 869 F.2d 54, 56–57 (2d Cir. 1989); *see also United States v. Stevens*, 985 F.2d 1175, 1187 (2d Cir. 1993) ("[I]f the federal court does not depart to take account of the unsentenced state crimes, there is no assurance that the entire range of the defendant's pertinent history will be considered in either proceeding."). We have also repeatedly refused to disturb *in absentia* convictions in which the defendant decided not to attend the trial. *See, e.g.*, *Cuoco v. United States*, 208 F.3d 27, 29–30 (2d Cir. 2000); *United States v. Bravo*, 10 F.3d 79, 83–85 (2d Cir. 1993); *United States v. Matista*, 932 F.2d 1055, 1057–58 (2d Cir. 1991); *United States v. Sanchez*, 790 F.2d 245, 249–50 (2d Cir. 1986). Under our precedents, a sentencing court should be permitted to rely on an unsentenced state court conviction *in absentia* as a basis for an upward departure, particularly where, as here, the defendant caused his own absence by fleeing during trial and the reliability of his state conviction has not been substantively challenged.

---

[1] The District Court stated that it "would have imposed the same sentence . . . in light of [Malave's] history and in light of who he is and how serious this is" even "if the guidelines called for something more than 188 months," and observed that "if [it] had not departed upward," the sentence imposed "falls within the earlier [Category II] range."

3

***CONCLUSION***

We have considered all of Malave's arguments on appeal and find them to be without merit. For the reasons stated above, the June 16, 2011 judgment of the District Court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4