**UNITED STATES of America,
Appellant,**

v.

**James Emerson WILLIAMS, Rhonda
Gail Walker, Michael Ross
Boyd, Appellees.**

No. 90–1260.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1990.

Decided Jan. 11, 1991.

Rehearing Denied March 18, 1991.

Douglas C. Bunch, Springfield, Mo., for appellant.

R. Steven Williams, Ronald A. Conway and Richard D. Bender, Springfield, Mo., for appellees.

Before FAGG and BEAM, Circuit Judges, and ROY,* District Judge.

FAGG, Circuit Judge.

The United States charged James Emerson Williams, Rhonda Gail Walker, and Michael Ross Boyd with conspiracy and attempt to manufacture methamphetamine. A jury acquitted all three defendants of conspiracy but convicted each of attempt. The defendants then moved for acquittal or new trial on the ground the jury's acquittal on the conspiracy charge was inconsistent with the jury's conviction on the attempt charge. The district court agreed with the defendants, granting their motions for acquittal, setting aside the attempt verdict, and on the same ground, granting conditionally a new trial. *See* Fed.R.Crim.P. 29(c), (d). We reverse and remand for reinstatement of the attempt verdict and for sentencing.

The underlying facts can be briefly stated. Williams and Boyd wanted to manufacture methamphetamine, but lacked an essential chemical ingredient. To overcome their chemical shortfall, the defendants enlisted the help of Steve Parris and Michael Downs. Unknown to Williams and Boyd, however, Parris worked as a paid confidential informant for the Drug Enforcement Agency (DEA), and Downs was a DEA agent. After Williams, Walker, and Boyd set up their methamphetamine lab,

---

* The HONORABLE ELSIJANE TRIMBLE ROY, Senior United States District Judge for the West- ern District of Arkansas, sitting by designation.

and Parris and Downs supplied the essential chemical ingredient, the defendants were arrested.

■ At trial, Williams and Boyd relied exclusively on the defense of entrapment while Walker asserted the government failed to prove her guilt. The trial court, however, gave an entrapment instruction covering all three defendants. Williams and Boyd claim that because they relied exclusively on the entrapment defense, the jury must have believed they were entrapped in order to acquit them of conspiracy. The acquittal, Williams and Boyd argue, precludes a guilty verdict on the attempt charge because they could not be entrapped into a conspiracy without also being entrapped into the related attempt. Walker joins this argument, claiming the jury must necessarily have found she too was entrapped.

We believe this case involves a straightforward application of the rule set forth in *Dunn v. United States,* 284 U.S. 390, 393–94, 52 S.Ct. 189, 190–91, 76 L.Ed. 356 (1932), and reaffirmed in *United States v. Powell,* 469 U.S. 57, 64–65, 69, 105 S.Ct. 471, 476–77, 479, 83 L.Ed.2d 461 (1984). "Consistency in the verdict is not necessary." *Dunn,* 284 U.S. at 393, 52 S.Ct. at 190. In this case, the defendants relied on the defense of entrapment and the jury acquitted on one charge but not another. Although this may appear inconsistent, " '[t]he most that can be said ... is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant[s'] guilt.' " *Id.* (citation omitted).

■ The district court supposed the jury found the defendants were entrapped, and concluded the attempt conviction could not stand because the government offered the same evidence to support both the conspiracy and the attempt charge. This "individualized assessment of the reason for the inconsistency [is] based ... on pure speculation," *Powell,* 469 U.S. at 66, 105 S.Ct. at 477, and wrongly intrudes on " 'the unreviewable power of a jury to return a verdict of not guilty for impermissible rea-

sons,' " *id.* at 63, 105 S.Ct. at 476 (citation omitted). Based on the record before us, we find ample evidence to support the attempt conviction, and insofar as the district court's supposition is concerned, inconsistent verdicts "should not necessarily be interpreted as a windfall to the [g]overnment at the defendant[s'] expense." *Id.* at 65, 105 S.Ct. at 476. "It is equally possible that the jury, [rejecting the entrapment defense], properly reached its conclusion on the [attempt] offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the [conspiracy] offense." *Id.* In sum, the defendants have received the benefit of their acquittal on the conspiracy charge, "and it is neither irrational nor illogical to require [them] to accept the burden of conviction on the [charge] on which the jury convicted." *Id.* at 69, 105 S.Ct. at 479.

We also reject the defendants' assertion that they were entrapped as a matter of law. Having reviewed the record in light most favorable to the government, we conclude the district court properly submitted the question of entrapment to the jury. *See United States v. Hinton,* 908 F.2d 355, 357 (8th Cir.1990). "[T]his is not a case in which the government was a manufacturer rather than a detector of crime." *United States v. Jacobson,* 916 F.2d 467, 470 (8th Cir.1990) (en banc).

We have also considered the additional grounds for acquittal and new trial raised in the defendants' motions, as well as the other arguments asserted in their briefs. Having done so, we conclude these contentions are without merit. We thus reverse the district court and remand for reinstatement of the attempt verdict and for sentencing.