James PERKO, Appellant,

v.

Dr. BOWERS, Unknown Medical Personnel, Gerald Wireman, Frederick T. Counterman, Dr. Cowles, Kenneth Watson, Appellees.

No. 90–2227.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1991.

Decided Sept. 24, 1991.

Rehearing and Rehearing En Banc Denied Oct. 31, 1991.

Julie Faye Keith, Kansas City, Mo., for appellant.

June Striegel, argued (Michael R. Whitworth, on brief), Jefferson City, Mo., for appellees.

Before McMILLIAN and BEAM, Circuit Judges, and BRIGHT, Senior Circuit Judge.

BRIGHT, Senior Circuit Judge.

James Perko appeals the district court's dismissal of his 42 U.S.C. § 1983 action against officials and medical personnel of the Missouri State Penitentiary in Jefferson City, Missouri. The district court granted defendants' motion for dismissal under the "fugitive from justice rule," which allows a court to dismiss certain judicial proceedings of a prisoner because of his escape, on the basis of Perko's two-day escape from prison. Perko contends on appeal that the district court erred by dismissing his action. We agree and reverse the district court's judgment of dismissal.

## I. BACKGROUND

In May 1987, while confined at the Missouri State Penitentiary in Jefferson City, Missouri, Perko brought this § 1983 claim against prison officials and medical personnel, alleging that the defendants showed deliberate indifference to his serious medical needs in their diagnosis and treatment of his tuberculosis. The district court referred the case to a magistrate judge for processing. While the case was pending, Perko completed his prison sentence and was released from confinement. He actively pursued his claim after his release.

On June 12, 1988, police arrested Perko for armed robbery. Subsequently, he was convicted and sentenced to fifteen years imprisonment in the Missouri prison system. Perko served his new sentence at a different institution than the one at issue in this case. During this second period of incarceration, Perko continued actively to pursue his § 1983 claim.

In June 1989, the district court granted Perko leave to proceed with his § 1983 claims *in forma pauperis* and appointed counsel to represent him. On September 5, 1989, Perko escaped from confinement, but state officials recaptured him on September 7, 1989. Perko received an additional three-year sentence for his escape. Upon his return to confinement, Perko continued to press his § 1983 claim, conducting discovery throughout the fall of 1989. The record fails to disclose any interruption in the processing of this case as a result of his escape.

On January 4, 1990, approximately four months after Perko's escape and recapture, defendants filed a motion to dismiss this case on the basis of the fugitive from justice rule. The magistrate judge issued a Report and Recommendation denying defendants' motion to dismiss. Defendants filed exceptions to the Report and Recommendation and requested certification of the decision for interlocutory appeal. Upon certification, and after reviewing the record *de novo*, the district court summarily declined to follow the magistrate judge's recommendation and dismissed Perko's claims pursuant to the fugitive from justice rule. The district court ruled, in effect, that Perko's two-day escape from detention during the pendency of this action automatically triggered the fugitive from justice rule requiring dismissal. This appeal followed.

## II. DISCUSSION

This case presents the novel question of the applicability of the so-called "fugitive from justice rule" (rule) to cases other than direct criminal appeals. The parties agree to the well-established doctrine that an appellate court may dismiss a convicted defendant's criminal appeal pursuant to the rule if the defendant has become a fugitive from justice during the pendency of the appeal. *See, e.g., Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 499, 24 L.Ed.2d 586 (1970) (per curiam); *Brinlee v. United States*, 483 F.2d 925, 926–27 (8th Cir.1973) (per curiam). At issue here, however, is whether the rule applies to civil suits brought by criminal defendants and, if so, how the rule should be applied. Perko argues that the rule does not apply in the civil context and that even if it does, the circumstances of his case do not warrant dismissal. In contrast, the defendants argue that the rule operates *per se* in the civil context.

We have described the fugitive from justice rule as follows: "The general rule is that a criminal defendant who by his escape removes himself from the court's power and process and remains at large during the pendency of his appeal forfeits his right to appeal." *Wayne v. Wyrick*, 646 F.2d 1268, 1270 (8th Cir.1981). Our prior cases deal only with the effect of the rule on criminal appeals, and the Supreme Court has yet to define the reach of the rule outside such cases. The Supreme Court's pronouncements on the rule all involve criminal appeals in which the defendant remained at large at the time of the decision. *See Molinaro*, 396 U.S. 365, 90 S.Ct. 498; *Bonahan v. Nebraska*, 125 U.S. 692, 8 S.Ct. 1390, 31 L.Ed. 854 (1887); *Smith v. United States*, 94 U.S. 97, 24 L.Ed. 32 (1876). *But cf. Estelle v. Dorrough*, 420 U.S. 534, 95 S.Ct. 1173, 43

L.Ed.2d 377 (1975) (per curiam) (upholding Texas statute allowing for dismissal of appeals even when defendant has returned to custody).

Several of our sister circuits, however, have extended the reach of the fugitive from justice rule to apply to habeas cases, *e.g., Gonzales v. Stover,* 575 F.2d 827, 827–28 (10th Cir.1978) (per curiam) (§ 2254 petition), civil cases, *e.g., Ali v. Sims,* 788 F.2d 954 (3d Cir.1986) (civil rights case); *Doyle v. United States Dep't of Justice,* 668 F.2d 1365, 1365–66 (D.C.Cir.1981) (per curiam) (Freedom of Information Act case), *cert. denied,* 455 U.S. 1002, 102 S.Ct. 1636, 71 L.Ed.2d 870 (1982), and cases wherein the defendant was returned to custody at the time of the appeal, *e.g., United States v. Holmes,* 680 F.2d 1372 (11th Cir.1982) (per curiam), *cert. denied,* 460 U.S. 1015, 103 S.Ct. 1259, 75 L.Ed.2d 486 (1983).[1]

█ From our review of the cases, we are persuaded that the fugitive from justice rule may be selectively applied in the civil context. As recognized by our sister circuits, many of the concerns raised by a defendant's escape in the criminal context also arise in the civil context. *See, e.g., Ali,* 788 F.2d at 959. For example, the problem that the defendant cannot be made to respond to the power of the court in the event of an adverse judgment, *Smith,* 94 U.S. at 97; *Brinlee,* 483 F.2d at 926, and the defendant's apparent lack of respect for the judicial system, *Molinaro,* 396 U.S. at 366, 90 S.Ct. at 499, exist in the civil context as well.

However, the rule will not be applied in a *per se* manner: a court should exercise its discretion in determining whether to dismiss a criminal defendant's civil case based upon the circumstances of each individual case. *See, e.g., United States v. Snow,* 748 F.2d 928, 930 (4th Cir.1984) (court "decided to exercise its discretion in favor of permitting the appeal to proceed").

In reaching its decision in this case, the district court appears to have applied the rule in a *per se* manner. While ordinarily we would reverse and remand the case to the district court with instructions to redetermine the issue in accordance with our opinion, the undisputed facts of this case justify our resolving the issue. We conclude that the circumstances of Perko's case do not warrant the harsh sanction of dismissal.

█ As noted by the First Circuit, "the sanction of dismissal should not lightly be invoked." *United States v. Gordon,* 538 F.2d 914, 915 (1st Cir.1976), *cert. denied,* 441 U.S. 936, 99 S.Ct. 2060, 60 L.Ed.2d 665 (1979). In this case, several factors mitigate against the application of the fugitive from justice rule. First, Perko's escape lasted less than three days and caused no disruption to the proceedings of this case. Perko did not miss any court dates or filing deadlines. As recognized by the Fourth Circuit, the dismissal of a criminal defendant's appeal is not automatic after the defendant has been returned to custody. *Snow,* 748 F.2d at 930.

In *Snow,* the defendant escaped while his appeal was pending, but was back in custody by the time the government sought dismissal. The court in *Snow* refused to dismiss the appeal, identifying three reasons supporting its decision: 1) the defendant's escape and recapture did not inconvenience the court's schedule; 2) the defendant's escape lasted only a short period; and 3) dismissing the defendant's appeal would punish defendant twice for the same crime. *Id.* at 930 & n. 3. All three reasons apply with equal force to the facts of this case and weigh against dismissing Perko's case.

Second, Perko's civil claim is completely distinct and separate from the sentence he was serving at the time of his escape and the underlying conviction. *Cf. United States v. One Parcel of Real Estate,* 868 F.2d 1214, 1216 (11th Cir.1989) (recognizing propriety of applying rule to civil action because it related to underlying criminal conviction from which the defendant fled). Perko escaped while incarcerated under a

---

1. For a comprehensive discussion of the expansion of the fugitive from justice rule, see Grippando, *Fear of Flying—The Fugitive's Fleeting* *Right to a Federal Appeal,* 54 Fordham L.Rev. 661, 662 (1986).

different sentence for a different crime than that which gave rise to his civil rights action. Perko's claim rests upon the defendant's alleged deliberate indifference to his medical needs during his previous incarceration at a different Missouri prison from whence Perko escaped.

Finally, the defendants waited approximately four months after Perko's escape and recapture before moving the court to dismiss the case. During that period, both parties engaged in discovery and prepared for trial. In light of the defendants' delay, it would be unfair to Perko now to dismiss his action.

## III. CONCLUSION

Accordingly, the district court's judgment is reversed and the case is remanded with directions to reinstate and promptly process this case which has been pending since 1987.