UNITED STATES of America, Appellee,

v.

**Michael Ross BOYD, Appellant.**

UNITED STATES of America, Appellee,

v.

**Rhonda Gale WALKER, Appellant.**

UNITED STATES of America, Appellee,

v.

**James Emerson WILLIAMS, Appellant.**

**Nos. 91–2227, 91–2270 and 91–2271.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1991.

Decided March 12, 1992.

Rehearing Denied April 10, 1992.

Michael Boyd, Ronald Conway and R. Steven Brown, Springfield, Mo., argued for appellants.

Cynthia Jean Hyde, Springfield, Mo., argued for appellee.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and VAN SICKLE,* Senior District Judge.

---

* The Honorable Bruce M. Van Sickle, United States Senior District Judge for the District of North Dakota, sitting by designation.

HENLEY, Senior Circuit Judge.

Michael Ross Boyd, Rhonda Gale Walker, and James Emerson Williams appeal their convictions for attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841, 846. We affirm.

This case is before the court for the second time.

The underlying facts can be briefly stated. Williams and Boyd wanted to manufacture methamphetamine, but lacked an essential chemical ingredient. To overcome their chemical shortfall, the defendants enlisted the help of Steve Parris and Michael Downs. Unknown to Williams and Boyd, however, Parris worked as a paid confidential informant for the Drug Enforcement Administration (DEA), and Downs was a DEA agent. After Williams, Walker, and Boyd set up their methamphetamine lab, and Parris and Downs supplied the essential chemical ingredient, the defendants were arrested.

*United States v. Williams,* 923 F.2d 115, 115–16 (8th Cir.1991) (*James Williams*).

Appellants were indicted for conspiracy and attempt to manufacture methamphetamine. At trial, the district court gave an entrapment instruction covering each appellant. The jury acquitted appellants of conspiracy, but convicted them of attempt. Appellants moved for a judgment of acquittal, or in the alternative for a new trial. Among other things, appellants argued that the acquittal on the conspiracy charge precluded conviction on the attempt charge, reasoning they could not be entrapped into the conspiracy without also being entrapped into the attempt. The district court agreed and granted the motions for judgment of acquittal.

On the government's appeal, this court reversed and remanded for reinstatement of the attempt verdicts and for sentencing, noting that the acquittals on the conspiracy charges may have been based on " 'mistake, compromise or lenity.' " *Id.* at 116 (quoting *United States v. Powell,* 469 U.S. 57, 65, 105 S.Ct. 471, 476, 83 L.Ed.2d 461 (1984)). This court also noted ample evidence supported the attempt convictions

and rejected appellants' claim that they were entrapped as a matter of law. In addition, this court stated it had "considered the additional grounds for acquittal and new trial raised in the defendants' motions, as well as the other arguments asserted in their briefs," and found them to be without merit. *Id.*

On remand, the district court sentenced appellants to 63 months imprisonment to be followed by three years of supervised release. Appellants then filed timely appeals, primarily challenging jury instructions.

The government has moved to dismiss the appeals, relying on a res judicata-like argument. The government asserts that this court has already decided the issues adversely to appellants and that they should not get "two bites at the appellate apple." *United States v. Williams,* 679 F.2d 504, 507 (5th Cir.1982) (*Henry Williams*), cert. denied, 459 U.S. 1111, 103 S.Ct. 742, 74 L.Ed.2d 963 (1983). The government acknowledges that in *Henry Williams* the Fifth Circuit held that a criminal defendant's appeal was properly before the court following the court's previous reversal of a judgement of acquittal and remand for reinstatement of the jury verdict and sentencing. The Fifth Circuit explained that in the first appeal the government was the appellant and that the second appeal was the "first time Mr. Williams could appear before [the court] in the role of the appellant." *Id.* The government argues that *Henry Williams* is distinguishable because in the instant case this court attempted to dispose of all the issues raised by appellants in the trial court and thereby avoid a second appeal.

█ Appellants respond that the decision in *James Williams* should not preclude appellate review because they did not have a full and fair opportunity to respond to the arguments rejected by this court. In particular, appellants note that the jury instruction arguments were not briefed by the parties or even decided by the district court. We agree. In *Henry Williams,* the Fifth Circuit stated that had Williams "sought to raise the arguments he now

brings before us, his cross-appeal would have been dismissed for want of jurisdiction; as ... Williams was not then an aggrieved party entitled to review." *Id.* The court explained that "[i]t was only after the district court's directed verdict of acquittal had been reversed, the case remanded, and a sentence had been imposed, that Williams could raise the arguments he now urges upon this court in this appeal." *Id. Cf. Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989) ("In criminal cases, [final judgment rule] prohibits appellate review until after conviction and imposition of sentence."). Therefore, we hold the issues raised in the instant appeals are properly before this court.

■ The government also has moved to dismiss Williams' appeal on the ground that after he filed his notice of appeal he escaped from custody. We are aware that as a general matter the fugitive-from-justice rule provides that "a criminal defendant who by his escape removes himself from the court's power and process and remains at large during the pendency of his appeal forfeits his right to appeal." *Perko v. Bowers,* 945 F.2d 1038, 1039 (8th Cir. 1991) (quoting *Wayne v. Wyrick,* 646 F.2d 1268, 1270 (8th Cir.1981)), *petition for cert. filed,* 60 U.S.L.W. 3553 (U.S. Jan. 29, 1992) (No. 91–1262). In this case, however, at the time of oral argument, Williams had been apprehended and was back in custody. As recognized in *Perko,* "the dismissal of a criminal defendant's appeal is not automatic after the defendant has been returned to custody." *Id.* at 1040 (citing *United States v. Snow,* 748 F.2d 928, 930 (4th Cir.1984)). In *Snow,* the court refused to dismiss a criminal appeal where the defendant was back in custody at the time of oral argument and his "escape and subsequent recapture did not inconvenience the court's schedule." *Id.* at 930. Such is also the case here and we will not dismiss Williams' appeal. *See also Perko,* 945 F.2d at 1040–41 (district court erred in dismissing § 1983 action under fugitive-from-justice rule

where inmate's escape and recapture did not inconvenience court in that parties had prepared for trial).

Having concluded that the appeals are properly before this court, we now turn to the merits.

■ Williams and Boyd first challenge the elements of the verdict-directing instruction No. 17. Appellants argue that the instruction was deficient because it failed to include their affirmative defense of entrapment. Appellants acknowledge that the district court gave a separate entrapment instruction, but argue that it was insufficient to alert the jury that the defense of entrapment was applicable to the attempt charge, as well as the conspiracy charge. Appellants rely on the notes to use following a model jury instruction and *United States v. Norton,* 846 F.2d 521, 524–25 (8th Cir.1988). In *Norton,* this court held that a district court did not commit reversible error by omitting a coercion defense as part of the verdict-directing instruction, despite the fact that the notes on use following the model instruction recommended inclusion. The court stated that model instructions "are not binding on the district courts of this circuit, but are merely helpful suggestions to assist the district courts." *Id.* at 525. The court went on to state that it was "the better practice to include 'affirmative defense' instructions, where submissible, in the verdict[-]directing instruction, ... and [that] all instructions given after the date of the filing of this opinion *should* do so." *Id.* (emphasis added). *Norton,* however, did not hold that failure to do so constitutes per se reversible error.[1] It remains the law of this circuit that a "criminal defendant 'is not entitled to a particularly worded instruction where the instructions given by the trial court adequately and correctly cover the substance of the requested instruction.'" *United States v. Wagner,* 884 F.2d 1090, 1096 (8th Cir.1989) (quoting *United States v. Manning,* 618 F.2d 45, 48 (8th Cir.1980)),

---

**1.** We note that in a concurring opinion, Chief Judge Arnold expressed his belief that it was neither "wise [n]or appropriate for this Court to dictate in such detail the form of jury instructions to be used in the district courts." 846 F.2d at 526.

*cert. denied,* 494 U.S. 1088, 110 S.Ct. 1829, 108 L.Ed.2d 958 (1990). In this case the court properly instructed the jury on entrapment. Accordingly, we find no reversible error.

■ Williams and Boyd also argue that the court erred in instructing the jury concerning Parris' credibility. The court instructed the jury that Parris was a paid informant and that it was to give his testimony such weight as they thought it deserved and to determine "[w]hether or not his information or testimony may have been influenced by such payments." Appellants argue that the instruction was defective because it also failed to state that the jury should have considered Parris' testimony with "greater caution and care than that of an ordinary witness." We disagree. This court rejected such an argument in *United States v. Schoenfeld,* 867 F.2d 1059, 1061 (8th Cir.1989), which dealt with an almost identical accomplice liability instruction. There the court held that the "greater caution and care" language was unnecessary in light of the fact that the accomplice's testimony was corroborated by direct and circumstantial evidence. Likewise, in this case, Parris' testimony was corroborated by Downs' testimony and appellants' actions.[2] Parris testified that on August 21, 1989, Boyd approached him while he was sitting in his truck in Springfield, Missouri. Parris further testified that Boyd stated that his brother-in-law who lived in New Mexico had showed him how to make methamphetamine. Boyd then told Parris that if he could supply the chemicals, Boyd and Williams could "cook" methamphetamine. Downs testified that at his first meeting with Boyd, Boyd described the process by which methamphetamine was manufactured. At trial, Williams admitted that after talking to Boyd, he and Walker drove from New Mexico to Springfield with the lab equipment and that Boyd and Walker helped him unload the equipment and set up the lab.[3] He also stated that Walker had loaned him money to buy glassware and had assisted him with library research. Downs testified that Williams told him that Walker was his partner and a "cook," which corroborated Parris' testimony that Walker had told him that she and Williams had manufactured methamphetamine in New Mexico.

■ Walker also challenges jury instructions. She argues that the court erred in giving an attempt instruction and an aiding and abetting instruction. She also argues there was insufficient evidence that she personally took a substantial step in manufacturing the methamphetamine. Walker's arguments are without merit. In *United States v. Wagner,* 884 F.2d at 1097, this court held that a defendant could be convicted of aiding and abetting an attempt, as long as there was evidence of knowing association with and participation in an attempt to commit a crime with a desire to bring about its success.[4] *See also United States v. Valencia,* 907 F.2d 671, 677 (7th Cir.1990) (and cases cited therein). As detailed above, there was sufficient evidence to support a conviction for aiding and abetting an attempt to manufacture methamphetamine.

■ Walker also challenges the language of the aiding and abetting instruction. In pertinent part, the trial court instructed the jury that to find Walker guilty of aiding and abetting, it had to find that she "acted in some way to aid" the attempt. Walker asserts that the "acted in some way" language permitted the jury to convict her aiding and abetting a "mere

---

**2.** We note that the "corroborating evidence may be circumstantial and 'need only tend to link the defendant with the crime and may be of little weight when taken alone.'" *United States v. Drews,* 877 F.2d 10, 13 (8th Cir.1989) (quoting *United States v. Shriver,* 838 F.2d 980, 984 (1988)).

**3.** In fact, on direct examination, Williams admitted that he intended to attempt to manufacture methamphetamine.

**4.** Here, as in *Wagner,* there was a general verdict form. Thus, we cannot say precisely that the jury found Walker guilty only as an aider and abettor. However, in closing argument the government specifically urged the jury to find Walker guilty as an aider and abettor, and in light of this argument and the evidence it seems clear that the jury did so find.

preparation." We disagree. This court has recently approved a similar aiding and abetting instruction, noting that it followed the language of the model instruction. *See United States v. Gutberlet*, 939 F.2d 643, 646–47 & nn. 6 & 7 (8th Cir.1991) (defendant must have "acted in some way for the purpose of aiding the commission of distribution of heroin"). Walker's argument ignores the language of the verdict-directing attempt instruction which required a finding that a defendant took a "substantial step towards the commission of the crime charged." Moreover, the jury was instructed that "a substantial step must be something more than mere preparation, yet may be less than the last act necessary before the commission of the substantive crime." We further note the ample evidence supporting the attempt convictions of Williams and Boyd.

Accordingly, the convictions are affirmed.