982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
 UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
ONE PARCEL OF REAL PROPERTY, Described as Lot 156 and the
South Three Feet of Lot 157, Valley View Estates, a sub-division,
in the City of Grandview, Jackson County,Missouri,
according to the recorded plat thereof, also known
as 12325 Jackson Avenue, Grandview, Missouri 64030; U.S.
Currency, in the amount of $15,645.50, Defendants,
John E. JOHNSON; Alicia M. Johnson; Gina Zarrin-Kia,
Claimants-Appellants.
 
 No. 91-3688.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 30, 1992.
Filed: November 10, 1992.
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Johnson, Alicia Johnson, and Gina Zarrin-Kia appeal the district court's[1] order dismissing for lack of standing their claims of ownership in certain real property and cash in this civil in rem forfeiture action. We affirm.
 
 
 2
 The Jackson County Drug Task Force, comprised of law enforcement officers employed by various western Missouri police and sheriff departments (agents), utilized confidential informants to conduct drug buys during 1990. As a result of surveillance during these drug buys, agents targeted a house in Grandview, Missouri, as a source of drugs. On September 20, 1990, agents executed a warrant and searched the house. They discovered John Johnson in one of the bathrooms, attempting to flush methamphetamine and cocaine base down the toilet. They also found additional illegal drugs, firearms, $15,645.50 in cash, stolen jewelry and electronics, and various security surveillance equipment in other rooms. Agents arrested Johnson, but later released him. On September 25, 1990, the Circuit Court of Jackson County issued a warrant for Johnson's arrest for drug trafficking in the second degree.
 
 
 3
 On January 8, 1991, the government filed this civil in rem forfeiture action under 21 U.S.C. §§ 881(a)(6) & (7) against the real property and the $15,645.50 in cash discovered during the search. Johnson, his ex-wife Alicia, and their daughter, Gina, filed claims alleging ownership interests in the property.
 
 
 4
 Following a preseizure hearing, the district court determined that probable cause existed for the forfeiture. The government then filed motions to dismiss the Johnsons' claims for lack of standing. Johnson opposed one motion on the ground that he was not a fugitive; Alicia and Gina opposed the other motion on the ground that they had obtained a warranty deed and key to the premises from Johnson and had commenced storing their personal property in the garage. Without holding an evidentiary hearing, the district court held that Johnson lacked standing to object to the forfeiture because he was a fugitive from justice, and that Alicia and Gina lacked standing because they had failed to prove an ownership interest. The government then moved for, and the court granted, judgment of forfeiture of the real estate and currency. The court entered final judgment on December 2, 1991, and claimants timely appealed.
 
 
 5
 Claimants primary argument on appeal is that the district court erred in concluding they lacked standing to pursue their claims without holding an evidentiary hearing to address disputed issues of fact. We disagree.
 
 
 6
 At the time the district court decided this case, it was undisputed that Johnson was the subject of an outstanding arrest warrant and had neither returned to his residence nor otherwise made his whereabouts known to the authorities. Therefore, the district court properly held that he was a fugitive from justice. See Molinaro v. New Jersey, 396 U.S. 365 (1970). We have recognized that a fugitive should not look to the judiciary for protection of property rights. See Perko v. Bowers, 945 F.2d 1038, 1040 (8th Cir. 1991), cert. denied, 112 S. Ct. 1482 (1992), citing United States v. One Parcel of Real Estate at 7707 S.W. 74th Lane, 868 F.2d 1214, 1216 (11th Cir. 1989) ("by fleeing from justice appellant has disentitled himself from invoking the judicial process in the civil forfeiture action"). See also United States v. $129,374 in U.S. Currency, 769 F.2d 583, 587 (9th Cir. 1985), cert. denied, 474 U.S. 1086 (1986); United States v. $45,948, 739 F.2d 792 (2d Cir. 1984). Contra, United States v. $83,320, 682 F.2d 573 (6th Cir. 1982). We agree with the district court that fugitive Johnson lacks standing to contest the forfeiture.
 
 
 7
 The record is also sufficient to determine that Alicia's and Gina's claims fail for lack of standing. To have standing to raise a claim in a forfeiture proceeding, a claimant has the burden of proving an ownership interest in the res. See United States v. One 1945 Douglas C-54(DC-4) Aircraft, Serial Number 22186, 647 F.2d 864, 866 (8th Cir. 1981), cert. denied, 454 U.S. 1143 (1982).
 
 
 8
 Alicia and Gina both failed to meet that burden. The warranty deed they attempted to present as proof of ownership was not recorded until after the house had been searched. Although they stored some belongings in the garage and did have keys to the house, they did not have sufficient control over the house to qualify as owners. See id. at 866-67 (establishing ownership interest requires actual possession or dominion and control).
 
 
 9
 Claimants have failed to demonstrate why an evidentiary hearing was needed to resolve these standing issues. There is no absolute right to a hearing on the question of standing. Cf. National Wildlife Fed'n v. Agricultural Stabilization & Conserv. Serv., 901 F.2d 673, 675 (8th Cir. 1990). Claimants' other arguments are meritless.
 
 
 10
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE JOSEPH E. STEVENS, JR., United States District Judge for the Western District of Missouri