**UNITED STATES of America**

v.

**Tilmon D. REESE, Appellant.**

**No. 91–3260.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 3, 1992.

Decided May 25, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Aug. 18, 1993.

---

Dennis M. Hart, Washington, DC, (appointed by the Court) for appellant.

Peggy Kuo, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., at the time the brief was filed, John R. Fisher, Roy W. McLeese III, Ronald Dixon, and Margaret Batten, Asst. U.S. Attys., Washington, DC, were on the brief for appellee.

Before SILBERMAN, BUCKLEY, and D.H. GINSBURG, Circuit Judges.

Opinion for the Court filed by Circuit Judge D.H. GINSBURG.

D.H. GINSBURG, Circuit Judge:

In 1986 Tilmon D. Reese was convicted of carrying a pistol without a license in violation of D.C.Code § 22–3204. After conviction but before sentencing he became a fugitive for five years. In 1991 he was rearrested and sentenced. He now appeals the conviction, claiming that the police violated his Fourth Amendment rights and that the jury lacked sufficient evidence to convict him. We dismiss his appeal because by becoming a fugitive he disrupted the appellate process, precluding the court from consolidating his appeal with that of his co-defendant.

## I. BACKGROUND

Reese's arrest and conviction arose from a roadblock that the Metropolitan Police Department set up in October 1985 in order to verify drivers' licenses and registrations and to arrest any individuals against whom there was an outstanding warrant. At 2:20 a.m. Officer Robert Whitt stopped a car with Virginia plates and asked the driver, Kelvin F. Moore, for his license and registration. After a computer check revealed that Moore's license had been suspended, Whitt arrested him. Upon frisking Moore and finding a shotgun shell in Moore's trouser pocket, Officer Whitt asked him if he had a weapon to go with the ammunition. When Moore said that he did not know, Officer Whitt looked under the driver's seat and there found a sawed-off shotgun. Whitt then asked Reese, who was seated in the passenger seat, to get out of the car. After reaching under the passenger seat and finding a .38–caliber pistol, Officer Whitt arrested Reese too.

In December 1985 a grand jury indicted the appellant and Moore for various weapons offenses. After the district court denied the defendants' motion to suppress physical evidence, a jury found Moore guilty of possession of unregistered ammunition and Moore and Reese each guilty of carrying a pistol without a license. The district court released both defendants on their personal pledges to appear for sentencing. In April 1986 Moore duly appeared and was sentenced to concurrent one-year terms of imprisonment. Reese, whose sentencing was scheduled for May 1986, did not show up, whereupon the district court issued a bench warrant for his arrest.

Some five years later Reese was rearrested. In September 1991 the district court sentenced him to one year of imprisonment (suspended) and one year on probation, to include 100 hours of community service. Appellant filed a timely notice of appeal.

## II. ANALYSIS

Reese challenges his conviction on two grounds. First, he argues that Officer Whitt violated his Fourth Amendment right against

unreasonable search and seizure, so that the evidence he seized should have been suppressed. Second, Reese contends that the jury lacked sufficient evidence to find him guilty beyond a reasonable doubt of carrying a pistol without a license. The Government's first response is that Reese's fugitive status for five years "disentitles" him to appellate review of his criminal conviction. *Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 498, 24 L.Ed.2d 586 (1970). Because we agree, we do not reach the merits of either of his claims.

In *Ortega–Rodriguez v. United States*, —— U.S. ——, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993), the Supreme Court held that a court of appeals may dismiss the appeal of a former fugitive if there is "some connection between [the] defendant's fugitive status and his appeal." *Id.* at ——, 113 S.Ct. at 1205. Thus when a defendant flees after he has filed a notice of appeal, his flight automatically "disentitles the defendant to call upon the resources of the Court." *Molinaro*, 396 U.S. at 366, 90 S.Ct. at 498; *accord Ortega–Rodriguez*, —— U.S. at ——, 113 S.Ct. at 1204 ("our cases consistently and unequivocally approve dismissal as an appropriate sanction when a prisoner is a fugitive during the 'ongoing appellate process' "). If the defendant absconds prior to filing a notice of appeal, however, then once he is back in custody and pursuing a timely appeal his former status as a fugitive may "lack the kind of connection to the appellate process that would justify an appellate sanction of dismissal." *Id.* at ——, 113 S.Ct. at 1205. For example, insofar as the defendant challenges his conviction for insufficient evidence, because "retrial is not permitted in the event of reversal," prejudice to the Government's ability to reprosecute "will not serve as a rationale for dismissal." *Id.; cf. United States v. Parrish*, 887 F.2d 1107 (D.C.Cir.1989) (dismissing appeal of fugitive who had fled prior to sentencing because passage of time would make reprosecution very difficult).

The Supreme Court also made it clear in *Ortega–Rodriguez* that if a court of appeals normally consolidates the appeals of co-defendants, and if one defendant's flight precluded the consolidation of his appeal with that of his co-defendant(s), "a dismissal rule could properly be applied." —— U.S. at ——, 113 S.Ct. at 1205. This is such a case. It is the practice of this circuit "in order to achieve the most efficient use of the Court's resources, as well as to maintain consistency in its decisions, [for] the Court generally [to] consolidate ... all appeals from the same district court judgment." D.C. CIRCUIT, HANDBOOK OF PRACTICE AND INTERNAL PROCEDURES 26 (1987). And Reese's flight prevented the court from consolidating his appeal with that of his co-defendant Moore. *See United States v. Moore*, 816 F.2d 8 (D.C.Cir. 1987).

Reese argues that the court's inability to consolidate his appeal with Moore's caused only an insignificant disruption to the appellate process because the two appellants raised different issues. This reasoning suggests that consolidation is worthwhile only if there is a common ground for appeal among all co-defendants. Yet this court normally consolidates appeals without regard to the commonality of issues because it is more efficient for one three-judge panel to consider all the issues arising out of the same record than it is for two or more three-judge panels to review the same record in order to adjudicate the issues separately. In addition, when one co-defendant's fugitivity causes the court to schedule a second oral argument, as here, the argument of some other case is necessarily delayed. Therefore, it is apparent that by precluding consolidation pursuant to our rules, the appellant's flight has indeed resulted in "a significant interference with the operation of the appellate process." *Ortega–Rodriguez*, —— U.S. at ——, 113 S.Ct. at 1205.

In *Ortega–Rodriguez* the Supreme Court contemplated that the courts of appeal would "develop[ ] generally applicable rules to cover specific, recurring situations." *Id.* n. 23. Accordingly, we hold that a defendant whose flight prevents consolidation of his appeal with that of a co-defendant is not entitled to a belated appeal to this court. By thwarting consolidation, such fugitivity inherently disrupts the appellate process. To reward the fugitive by granting his claim to a second helping of the court's limited resources would be perverse indeed. *Cf. Harbor Ins. Co. v.*

*Schnabel Foundation Co.*, 946 F.2d 930, 937 n. 5 (D.C.Cir.1991) ("the legal definition of chutzpah ... is a young man, convicted of murdering his parents, who argues for mercy on the ground that he is an orphan"); LEO ROSTEN, THE JOYS OF YIDDISH 93 (1968) (same).

### III. CONCLUSION

For the foregoing reasons, the appeal is hereby

*Dismissed.*