**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lamthong SUDTHISA–ARD,**
**Defendant–Appellant.**

**No. 92–50375.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 6, 1994.

Decided March 1, 1994.

See also 638 F.2d 84.

Michael Garcia, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Russell G. Petti, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: GOODWIN and HALL, Circuit Judges, and TANNER, District Judge.*

CYNTHIA HOLCOMB HALL, Circuit Judge:

■ Lamthong Sudthisa–Ard appeals his jury conviction for conspiracy and importation of heroin in violation of 21 U.S.C. §§ 952, 960, and 963. We dismiss the appeal because Sudthisa–Ard's thirteen-year fugitive status prejudiced the government's ability to retry the case in the event of reversal and made meaningful appellate review impossible.

## I.

In 1978, the district court conducted a joint trial of Sudthisa–Ard and Yukio Uramoto for heroin smuggling. On the final day of trial, Sudthisa–Ard jumped bail. After the district court issued a bench warrant and concluded the trial *in absentia*, the jury convicted Sudthisa–Ard for conspiracy to import and importation of heroin and convicted Uramoto for conspiracy to import heroin.

After sentencing and a timely appeal to this court, we reversed Uramoto's conviction on the ground that the district court violated the Confrontation Clause by limiting cross-examination of a key government informant. *United States v. Uramoto*, 638 F.2d 84, 86–87 (9th Cir.1980). The government chose not to retry that case.

A United States Marshall finally apprehended Sudthisa–Ard in 1991, thirteen years after his flight. The district court subsequently sentenced Sudthisa–Ard for the 1978 conviction and he filed a timely appeal, arguing that we must reverse for the same reason we reversed Uramoto's conviction. Rather than reaching the merits of this contention,

we exercise our discretion to dismiss the appeal.

## II.

■ "[T]here is no constitutional right to an appeal" of a criminal conviction. *Abney v. United States*, 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977). As a result, "[i]t has been settled for well over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *Ortega–Rodriguez v. United States*, —— U.S. ——, ——, 113 S.Ct. 1199, 1203, 122 L.Ed.2d 581 (1993). We have invoked this "disentitlement doctrine" on numerous occasions. *See, e.g., United States v. Freelove*, 816 F.2d 479, 480 (9th Cir.1987); *United States v. Wood*, 550 F.2d 435, 437–38 (9th Cir.1976); *United States v. Villegas–Codallos*, 543 F.2d 1124, 1125 (9th Cir.1976); *United States v. Macias*, 519 F.2d 697, 698 (9th Cir.1975).

In *Ortega–Rodriguez*, the Supreme Court recently decided whether to extend the "disentitlement doctrine" to a defendant who, like Sudthisa–Ard, "flees the jurisdiction of a district court, and is recaptured before he invokes the jurisdiction of the appellate tribunal." *Ortega–Rodriguez*, —— U.S. at ——, 113 S.Ct. at 1205. The Court concluded that, although courts of appeals could not adopt rules mandating automatic dismissal for such fugitives, they could dismiss those cases in which a defendant's fugitive status hinders appellate review:

We do not ignore the possibility that some actions by a defendant, though they occur while his case is before the district court, might have an impact on the appellate process sufficient to warrant an appellate sanction. For that reason, we do not hold that a court of appeals is entirely without authority to dismiss an appeal because of fugitive status predating the appeal. For example, ... *a long escape, even if ended before sentencing and appeal, may so delay the onset of appellate proceedings that the Government would be*

---

* The Honorable Jack E. Tanner, Senior District Judge for the Western District of Washington, sitting by designation.

*prejudiced in locating witnesses and presenting evidence at retrial after a successful appeal....*

Similarly, a defendant's misconduct at the district court level might somehow *make meaningful appeal impossible or otherwise disrupt the appellate process* so that an appellate sanction is reasonably imposed.... Here, for instance, *petitioner's flight prevented the Court of Appeals from consolidating his appeal with those of his codefendants, which we assume would be its normal practice. If [on remand] the [court] deems this consequence of petitioner's flight a significant interference with the operation of its appellate process, then ... a dismissal rule could be properly applied.*

*Id.* —— U.S. at ——, 113 S.Ct. at 1208–09 (emphasis added) (internal quotations and citations omitted).

In this case, Sudthisa–Ard's flight created both of the problems delineated in *Ortega–Rodriguez.* First, because of the thirteen-year delay between conviction and appeal, the Government stipulated that it will be unable to retry the case if we reverse.[1] Second, because Sudthisa–Ard was a fugitive at the time Uramoto appealed, we were unable to consolidate the co-defendants' appeals. As a result, our preparation for Sudthisa–Ard's appeal has required unnecessary duplication of effort and expenditure of resources. Moreover, Sudthisa–Ard's thirteen years as a fugitive resulted in the loss or destruction of all the documents in this case. Our record on appeal therefore consists only of a ten-page stipulation of facts reconstructed by the parties, which we consider insufficient to de-

termine whether the alleged violation of the Confrontation Clause was harmless error.[2]

Both circuit courts to consider analogous situations since the *Ortega–Rodriguez* decision have dismissed appeals by defendants who fled or escaped and were recaptured prior to appeal. In *United States v. Reese,* 993 F.2d 254 (D.C.Cir.1993), for example, the District of Columbia Circuit dismissed the appeal of a felon who fled after conviction and was sentenced upon recapture five years later. The court was particularly disturbed by its inability to consolidate the defendant's appeal with that of a co-defendant:

> [The appellant] argues that the court's inability to consolidate his appeal with [the co-defendant]'s caused only an insignificant disruption to the appellate process because the two appellants raised different issues. This reasoning suggests that consolidation is worthwhile only if there is common ground for appeal among all co-defendants. Yet this court normally consolidates appeals without regard to the commonality of issues because it is more efficient for one three-judge panel to consider all the issues arising out of the same record than it is for two or more three-judge panels to review the same record in order to adjudicate the issues separately. In addition, when one co-defendant's fugitivity causes the court to schedule a second oral argument, as here, the argument of some other case is necessarily delayed. Therefore, it is apparent that by precluding consolidation pursuant to our rules, the appellant's flight has indeed resulted in "a significant inter-

---

1. Noting that Uramoto was never retried after we reversed his conviction, Sudthisa–Ard argues that the Government suffered no prejudice from his escape because it would not have re-prosecuted the case in any event. We disagree. The case against Sudthisa–Ard, whom the jury convicted for actually importing heroin, was stronger than the case against Uramoto, whom the jury only convicted for conspiracy. We have no reason to believe that the Government would not have elected to retry this stronger case had Sudthisa–Ard appealed with Uramoto and obtained a reversal.

2. When we considered Uramoto's appeal, we indicated that the district court's error probably was harmless. We refused to analyze the issue

fully, however, because we determined that harmless error analysis could not cure a Confrontation Clause violation. *Uramoto,* 638 F.2d at 87.

The Supreme Court subsequently made clear that harmless error analysis is in fact appropriate to this situation. *See Delaware v. Van Arsdall,* 475 U.S. 673, 680–84, 106 S.Ct. 1431, 1435–38, 89 L.Ed.2d 674 (1986). As a result, we would have to apply the doctrine to this appeal were we to consider the merits. We are incapable of doing so on the sparse record before us, and we do not think Sudthisa–Ard should benefit from the gaps in that record by having doubts resolved in his favor.

ference with the operation of the appellate process."

... Accordingly, we hold that *a defendant whose flight prevents consolidation of his appeal with that of a co-defendant is not entitled to a belated appeal to this court. By thwarting consolidation, such fugitivity inherently disrupts the appellate process. To reward the fugitive by granting his claim to a second helping of the court's limited resources would be perverse indeed.*

*Id.* at 256 (emphasis added) (quoting *Ortega–Rodriguez*, —— U.S. at ——, 113 S.Ct. at 1205).

Similarly, in *United States v. Bravo*, 10 F.3d 79 (2d Cir.1993), the Second Circuit affirmed the district court's refusal to consider postconviction motions filed upon recapture by a defendant who fled prior to sentencing:

[T]here can be little doubt that [the defendant]'s fifteen-year absence has severely undermined the government's ability to assemble witnesses and evidence for any retrial that might result from a determination of trial error.... Further, the appeal of [the defendant]'s codefendants was heard and determined seventeen years ago.

*Id.* at 84–85.

*Reese* and *Bravo* are consistent with the many pre-*Ortega–Rodriguez* decisions in which courts dismissed appeals in similar circumstances. *See, e.g., United States v. Matista*, 932 F.2d 1055, 1056–58 (2d Cir. 1991); *United States v. Alvarez*, 868 F.2d 547, 548 (2d Cir.1989); *United States v. Persico*, 853 F.2d 134, 136–38 (2d Cir.1988); *United States v. DeValle*, 894 F.2d 133, 135–37 (5th Cir.1990); *United States v. London*, 723 F.2d 1538, 1539 (11th Cir.), *cert. denied*, 467 U.S. 1228, 104 S.Ct. 2684, 81 L.Ed.2d 878 (1984); *United States v. Holmes*, 680 F.2d 1372, 1373–74 (11th Cir.1982), *cert. denied*, 460 U.S. 1015, 103 S.Ct. 1259, 75 L.Ed.2d 486

(1983); *United States v. Parrish*, 887 F.2d 1107, 1107–09 (D.C.Cir.1989). *Cf. United States v. Boyd*, 958 F.2d 247, 250 (8th Cir. 1992) (acknowledging the power to dismiss the appeal but declining to exercise discretion to do so where the escape was of a very short duration).[3] *Ortega–Rodriguez* provides every reason to think these courts would continue to do so now.

We recognize that, in *Katz v. United States*, 920 F.2d 610 (9th Cir.1990), we refused to dismiss the appeal of a defendant who was recaptured after fleeing for thirteen years upon conviction and sentencing. We think, however, that *Katz* is distinguishable for several reasons. First, in that case we were not faced with multiple appeals because Katz had no co-defendants. As a result, interference with the appellate process was not as great as in this case. Second, Katz appealed only the denial of his 28 U.S.C. § 2255 motion to correct or vacate his sentence. We could have granted relief without ordering a retrial if the motion had been meritorious. And, third, we think we would have reached a different conclusion in light of *Ortega–Rodriguez*. At the least, we think *Ortega–Rodriguez* necessitates the interpretation that *Katz* permits, but does not require, review of a recaptured defendant's appeal.

## III.

Sudthisa–Ard should not benefit from his thirteen years of misbegotten freedom. "It would be unconscionable to allow such a defendant to benefit from the delay by forcing the government to re-prosecute him long after memories have dimmed and evidence has been lost. It is equally disturbing that defendant's deliberate attempt to evade his day of reckoning, successful for a time, should be allowed to impose additional burdens upon the judiciary to accommodate claims that should be forfeited by flight." *Matista*, 932

---

**3.** The First Circuit appears to dismiss appeals by those who escape after sentencing but not by those who escape prior to sentencing. *Compare United States v. Puzzanghera*, 820 F.2d 25, 26–27 (1st Cir.) (dismissing appeal where appellant fled after sentencing but was subsequently recap-

tured), *cert. denied*, 484 U.S. 900, 108 S.Ct. 237, 98 L.Ed.2d 195 (1987) *with United States v. Anagnos*, 853 F.2d 1, 2 (1st Cir.1988) (hearing appeal where appellant escaped after verdict but prior to sentencing and was later recaptured).

F.2d at 1058 (internal quotation and citation omitted). We dismiss this appeal.

**APPEAL DISMISSED.**