**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 16 1999**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

> Plaintiff-Appellee,

v.

KAREN HANZLICEK, also known as
Karen Pearl Hanzlicek,

> Defendant-Appellant.

No. 97-5172

---

Appeal from the United States District Court
for the Northern District of Oklahoma
(D.C. No. 96-CR-115-BU)

---

William D. Lunn, Tulsa, Oklahoma, for Defendant-Appellant Karen Hanzlicek.

Neal B. Kirkpatrick, Assistant United States Attorney, (Stephen C. Lewis, United States Attorney, with him on the brief), Tulsa, Oklahoma, for Plaintiff-Appellee.

---

Before **ANDERSON, KELLY,** and **MURPHY,** Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

The United States moves the court to dismiss this appeal on the basis of the

fugitive disentitlement doctrine.  *See Molinaro v. United States*, 396 U.S. 365,

366 (1970) ("No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such a case does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claim."). Because Hanzlicek became a fugitive during the pendency of the appeal and remains a fugitive to this day, this court **grants** the government's motion and dismisses Hanzlicek's appeal with prejudice.

Hanzlicek was convicted following a jury trial on one count of conspiracy in violation of 18 U.S.C. § 371, two counts of mail fraud in violation of 18 U.S.C. § 1341, and one count of attempting to pass a falsely made obligation of the United States under 18 U.S.C. § 472. The district court sentenced Hanzlicek to a term of imprisonment of twenty-three months on each count, to be served concurrently, and imposed a three-year term of supervised release. Hanzlicek completed her term of incarceration and was released from the Bureau of Prisons on July 6, 1998. She failed, however, to report for her term of supervised release and was declared a fugitive from justice on July 20, 1998.

The application of the fugitive disentitlement doctrine is discretionary. *See Ortega-Rodriguez v. United States*, 507 U.S. 234, 250 n.23 (1993). Nevertheless,

the policy considerations underlying the doctrine strongly weigh in favor of its application in circumstances when the criminal defendant becomes and remains a fugitive during the pendency of the direct appeal of her conviction. *See id.* at 242 ("[O]ur cases consistently and unequivocally approve dismissal as an appropriate sanction when a prisoner is a fugitive during 'the ongoing appellate process.' Moreover, this rule is amply supported by a number of justifications. In addition to addressing the enforceability concerns identified [in prior Supreme Court cases], dismissal by an appellate court after a defendant has fled its jurisdiction serves an important deterrent function and advances an interest in efficient, dignified appellate practice."); *see also Parretti v. United States*, 143 F.3d 508, 510-11 (9th Cir. 1998) (*en banc*) (further cataloging policy considerations underlying doctrine). The strength of these policy considerations counsel against reaching the merits of a fugitive's direct appeal in the absence of extraordinary circumstances.[1]

---

[1]In fact, with two very narrow exceptions, this court has not found a single case declining to apply the disentitlement doctrine in the context of a direct appeal from conviction. *Cf. United States v. Sharpe*, 470 U.S. 675, 681 n.2. (1985) (refusing to apply doctrine where defendant's conviction was "nullified" by court of appeals and United States sought review in Supreme Court); *United States v. Snow*, 748 F.2d 928, 930 (4th Cir. 1984) (disentitlement doctrine not *per se* applicable where escapee is returned to custody before government seeks dismissal).

This case does not present extraordinary circumstances sufficient to disregard Hanzlicek's contempt for this court in particular and the judicial system in general. *See United States v. Timbers Preserve*, 999 F.2d 452, 455 (10th Cir. 1993) (holding that a litigant's fugitive status is "obvious culpable behavior" that demonstrates "willful disregard for the court"); *Ali v. Sims*, 788 F.2d 954, 959 (3d Cir. 1986) ("[A] fugitive from justice has demonstrated such disrespect for the legal processes that he has no right to call upon the court to adjudicate his claim.").[2] Counsel asserts that this case is extraordinary because Hanzlicek's flight results from a mental defect instead of a volitional act. This claim, however, is based solely on the conjecture of counsel and is incapable of being tested via the adversarial process because of Hanzlicek's fugitive status.

Nor does the fact that Hanzlicek became a fugitive during the term of her supervised release weigh in favor of a different outcome. A term of supervised release is an integral part of a judgment and sentence, a period within which an offender can be reintegrated into society under the supervision of the criminal justice system. This court will not diminish the importance of that period by

_____

[2]It should be noted that *Timbers* and *Ali* are civil cases rather than direct criminal appeals. Nevertheless, the analyses in those cases is all the more persuasive in this case because courts have generally been far more hesitant to apply the fugitive disentitlement doctrine in the civil context. *See, e.g.*, *Perko v. Bowers*, 945 F.2d 1038, 1039-40 (8th Cir. 1991) (discussing generally narrower applicability of doctrine outside of direct criminal appeal context).

disregarding the status of those who become fugitives during supervised release. Furthermore, the only court to address the question, albeit in a brief, unpublished disposition, found the doctrine applicable nonetheless. *See United States v. Lee*, No. 97-50021, 1997 WL 735033, at *1 (9th Cir. Mar. 12, 1998) (applying disentitlement doctrine where appellant became fugitive during term of supervised release).

As a final matter, this court recognizes that there are a few issues of overlap between Hanzlicek's appeal and that of her co-defendant husband. Nevertheless, Hanzlicek's appeal presents nine issues not presented in her co-defendant's appeal, including several questions that are particularly weighty and complex. We conclude that the relatively narrow overlap between the two appeals is not sufficient reason to disregard Hanzlicek's fugitive status, when to do so would require the expenditure of significant additional resources of this court. *See Ali*, 788 F.2d at 959 ("Particularly in this age of overcrowded dockets and court backlogs, it is unreasonable to expect a court to expend its scarce resources on one who has blatantly disregarded the court's procedures.").

The United States' motion to dismiss Hanzlicek's appeal with prejudice pursuant to the fugitive disentitlement doctrine is hereby **GRANTED**.

No. 97-5172, United States v. Karen Hanzlicek.

**KELLY**, Circuit Judge, dissenting.

The court should proceed to the merits of Mrs. Hanzlicek's appeal and decide it along with Mr. Hanzlicek's (No. 97-5180). Mr. and Mrs. Hanzlicek were tried jointly, and their appeals involve several similar, if not identical, issues requiring a review of the entire record. In addition, both appeals are fully briefed, have been orally argued, and already have consumed considerable judicial resources–it is decidedly against the interest of judicial economy to dismiss Mrs. Hanzlicek's appeal only to have these issues reappear in a 28 U.S.C. § 2255 proceeding. Both appeals may now be decided before the same panel. Additionally, Mrs. Hanzlicek has already served her prison sentence. While supervised release is an important part of Mrs. Hanzlicek's sentence, it does differentiate this case from the many cases that have applied the fugitive disentitlement doctrine when the defendant has fled before serving time in prison. See, e.g., Molinaro v. New Jersey, 396 U.S. 365, 365 (1970); United States v. O'Neal, 453 F.2d 344, 344-45 (10th Cir. 1972).

Application of the fugitive disentitlement doctrine is discretionary, see Ortega-Rodriguez v. United States, 507 U.S. 234, 250 n.23 (1993), and it is not always applied, see United States v. Luppi, No. 98-1475, 1999 WL 535295, (10th Cir. July 26, 1999) (unpublished) (declining to apply doctrine where defendant challenged her fugitive status). The court's discretion ought to be exercised in

favor of hearing this appeal if for no other reason than the very troubling trial conduct of the United States in securing Mrs. Hanzlicek's conviction. A review of this record persuades me that to sit back and say nothing implicitly condones such conduct. The court having concluded otherwise, I respectfully dissent. If the court is intent on applying the doctrine, it should be applied conditionally so that the appeal will be dismissed in thirty days from the date this opinion is filed if Mrs. Hanzlicek does not surrender. See United States v. Swigart, 490 F.2d 914, 915 (10th Cir. 1973); O'Neal, 453 F.2d at 345.