**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Veena Vinodni HIRALAL, Defendant—Appellant.**

United States of America,
Plaintiff—Appellee,

v.

Rama K. Hiralal, aka, Ramakanth
Hiralal aka, Rama Kant Hiralal,
Defendant—Appellant.

Nos. 00–10495, 00–10510.
D.C. No. CR–97–00046–01–CAL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2002.

Decided Aug. 7, 2002.

**178**

Before SCHROEDER, Chief Judge, FISHER and PAEZ, Circuit Judges.

MEMORANDUM *

Rama and Veena Hiralal appeal their convictions and sentences after a jury trial on charges of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and making false statements to an agency of the United States, in violation of 18 U.S.C. § 1001. Rama Hiralal was also convicted of possession of a counterfeit alien registration card, 18 U.S.C. § 1546(a), and possession of a counterfeit social security card, 18 U.S.C. § 1028(a).

■ The government first asks us to exercise our discretion to dismiss the appeal under the fugitive disentitlement doctrine. We decline to do so. They were fugitives for only a short time and were in custody by the time their appeals were reinstated. There was no prejudice to the government or the court. *Cf. United States v. Sudthisa–Ard,* 17 F.3d 1205, 1206 (9th Cir.1994).

Before trial, the Hiralals sought suppression of evidence obtained pursuant to a search warrant authorizing a search of their office. They contended that the warrant was overbroad.

The affidavit filed in support of the application for the search warrant and incorporated by reference in the search warrant provided probable cause to believe that the Hiralals were engaging in falsifying asylum applications on a large scale. It authorized seizure of documents relating to asylum applications or any documents containing biographical narratives or statements setting forth facts which might sup-

port an asylum claim. The district court did not err in concluding that the search warrant was not overbroad. *See United States v. Noushfar,* 78 F.3d 1442, 1447 (9th Cir.1996) (holding warrant not overbroad because it provided objective standards and probable cause existed to seize all Iranian carpets); *United States v. Rude,* 88 F.3d 1538, 1551 (9th Cir.1996) (stating that a warrant " 'need only be reasonably specific, rather than elaborately detailed' ") (quoting *United States v. Brock,* 667 F.2d 1311, 1322 (9th Cir.1982)).

The Hiralals also argue that the district court abused its discretion in denying their motion for a new trial based on a claim of ineffective assistance of counsel. The district court denied the motion because it found that the motion did not state a proper ground for a motion for a new trial.

Generally, the appropriate method of bringing an ineffective assistance of counsel claim is to file a motion under 28 U.S.C. § 2255. *United States v. Molina,* 934 F.2d 1440, 1446 (9th Cir.1991). The district court did not abuse its discretion in denying the motion for a new trial.

The Hiralals argue that because the statutes under which they were convicted do not cover only immigration offenses, the district court erred in applying United States Sentencing Guidelines (USSG) § 2L2.1, a sentencing guideline that related to immigration offenses. We have rejected this precise argument under facts materially similar to this case. *See United States v. Velez,* 113 F.3d 1035, 1038 (9th Cir.1997).

The district court increased their base offense levels by 6 after finding that the government had established by clear and convincing evidence that their offense in-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

volved over 100 documents. Evidence submitted by the government included a list of 120 fraudulent petitions that were filed with the INS and a list of 40 petitions that were prepared but never filed. These fraudulent petitions were reasonably foreseeable to both Veena and Rama. The district court did not clearly err in its finding.

■ The Hiralals contend that the district court was required to apply the clear and convincing standard of proof for all of their sentencing enhancements. The §§ 3B1.1 and 3C1.1 adjustments did not each have "an extremely disproportionate effect" on their sentences, and thus the district court properly employed the preponderance of the evidence burden of proof. *See United States v. Johansson,* 249 F.3d 848, 853–57 (9th Cir.2001).

■ The district court did not clearly err in finding that 5 or more participants were involved in the offense, justifying an enhancement under USSG § 3B1.1. The Application Notes to § 3B1.1 define a "participant" as "a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense (*e.g.,* an undercover law enforcement officer) is not a participant." This includes the defendants, their employees, and the clients who willingly participated in the fraud. *See United States v. Egge,* 223 F.3d 1128, 1134 (9th Cir.2000) (holding that defendant could be included as one of participants). The Hiralals employed at least four individuals who helped with the asylum applications: Herdeypal Singh Bhatti, Raman Nair, Dimple Aggrawal, and "Gloria." In addition, the clients who knowingly filed the false asylum applications "bear some criminal responsibility for the commission of the offense" and therefore were also participants under USSG § 3B1.1. *See Egge,* 223 F.3d at 1133. In *Egge,* we held

that customers of a drug dealer who was convicted of conspiracy to distribute could only be participants in the offense if they had the intent to distribute controlled substances. *Id.* In this case however, the customers who knew the Hiralals were preparing false asylum applications on their behalf, and who filed the applications in their own names, knowingly made false statements to a government agency and participated in a conspiracy to defraud the United States. *See* 18 U.S.C. §§ 371, 1001.

■ Veena Hiralal also argues that she was not a "manager or supervisor" and that therefore her offense level should not have been increased under USSG § 3B1.1(b). The evidence at trial established that Veena Hiralal reviewed false petitions, supervised at least one employee, and participated in coaching sessions between employees and clients. *See United States v. Hoac,* 990 F.2d 1099, 1110 (9th Cir.1993) (holding that for guideline to apply defendant had to be "responsible for organizing others for the purpose of carrying out the crime"). The defendant need only have supervised or managed one of the participants, and the evidence at trial established that Veena Hiralal supervised Raman Nair. *See Egge,* 223 F.3d at 1132. The district court did not err in applying § 3B1.1(b) to adjust Veena Hiralal's offense level.

■ Finally, the Hiralals argue that the district court's finding that they attempted to obstruct justice was not supported by the evidence. The evidence from both the first and second trials supports the court's finding that they attempted to influence a co-defendant, and thus the § 3C1.1 adjustment was proper.

The defendants' convictions and sentences are AFFIRMED.